HELM vs. BASSETT.

9  52
43a 603
9  52
59a 340

1. A writ of error will not lie for granting a new trial, after the second trial is had. It only lies upon a final judgment.

Helm vs. Bassett.

ERROR to Randolp Circuit Court.

CLARK AND TODD, for Plaintiff.

The counsel for the plaintiff in error, rely upon the following points and authorities to reverse the judgment of the circuit court:

1st. There was evidence of the speaking of the words as charged, and also of the intention of the defendant when he uttered them, as well as of the understanding of the hearers, and that where there is evidence from which a jury may find one way or the other, a court ought not and will not set aside their finding, although such finding may be different from what the court would have found. To authorize the interference of a court, the finding of the jury must be *clearly and flagrantly against the evidence.* Hardins Rep. 596, Taylor vs. Giger, 3 Cowen 231; Goodrich vs. Woolcot, 5 Cowen, 714; 4th Mo. Rep. 295; Oldham vs. Herndon, 6th Mo. Rep. 61; Dooley vs. Kirkland, 1st Mo. Rep. 14; McKnight vs. Brady, 7th Mo. Rep. 220.

2d. The circuit court did not err in the instructions given and referred.

3d. If the circuit court erred in granting a new trial, the last verdict ought to have been set aside and a judgment entered upon the first verdict; and that the motion to the court for that purpose, was made at the right time. 4th Mo. Rep. 86, Hill vs. Wilkins; Harden's Reps. 586, Taylor vs. Giger, 5th Mo. Rep. 62, Martin vs. Hays.

LEONARD, for the defendant.

In support of judgment of the circuit court, it will be insisted for the defendant in error, without going at all into the merits of the case, upon the law as ruled by the circuit court on the first trial, or upon the finding of the jury on the evidence upon the trial—that

1st. This court will not reverse a judgment unless it appear affirmatively by the record that the circuit court erred.

And in the case at bar it cannot so appear, because the record does not show,

*First.* What evidence was offered by the defendant on the first trial and rejected by the court,—or that there was no evidence so offered and rejected,—or

*Second.* What instructions were refused and what given to the jury, or

*Third.* What was shown on the hearing of the motion to set aside the verdict, as to the misreading of the instructions to the jury.

2d. The granting of a new trial cannot be assigned for error, if the party complaining, instead of abandoning his case at that point goes into a second trial. Davis vs. Davis, 8 Mo. Rep. 56.

3d. If it be material in this case to inquire into the propriety of the grant of the new trial by the circuit court, it will then be insisted for the defendant, that the new trial was properly allowed.

Scott, J., delivered the opinion of the court.

This was an action of slander brought by Helm against Bassett, in which Helm recovered a verdict of four hundred and seventy dollars. A motion was afterwards made for a new trial, which was sustained, and on a second trial, Helm obtained a verdict for sixty dollars. Helm then moved the court to enter judgment on the first verdict, as the motion for the new trial had been improperly sustained. This motion was overruled, and the cause is brought up by writ of error.

The question presented by the record in the case is whether a writ of error will lie for granting a new trial? It must be confessed that contradictory opinions have been expressed by this court in relation to this matter. As this however is a rule of practice not affecting the rights of property, an unsteadiness in its application cannot be the source of that degree of regret, which must be caused by an uncertainty in the rules which govern the acquisition and transfer of property, and it is of some importance that the practice of our courts should be in accordance with the principles of law.

In the case of Johnson vs. Strader & Thompson, 3 Mo. Rep. 355-8, the court upon the first argument of the cause, inclined to the opinion, that the granting of a new trial could not be assigned for error : Upon a re-argument however, that opinion was changed, and it was held that it was error. So it was held in the case of Wilkins vs. Hill, 4 Mo. Rep. 86. The question does not appear to have come up again until the cases of Davis vs. Davis, and Geo. W. Samuel *et al* vs. Benjamin R. Morton, 8 Mo. Rep. In these cases it was distinctly declared that if error would lie for such a cause, the party aggrieved must seek redress before there is a second trial on its merits ; that he would not be allowed to acquiesce in an opinion, take the chance for success in a second trial, and after a defeat, recur to the original error. There is an obvious distinction between granting a new trial and the refusal of one. By granting a new trial the cause is kept open, another oppor-

tunity is afforded for an investigation of its merits, and the injury, if any, is that merely of delay; whereas on the other hand the refusal of a new trial precludes a party from all redress in future, and the injury committed is irreparable. The injury resulting from the granting a new trial, is like that caused by allowing the continuance of a cause. The law has that degree of confidence in its own administration, that it contemplates, that he who is entitled to a verdict in a cause at one time, will obtain it at another; and the contrary idea goes upon the supposition, that a trial by jury is a game of chance, and he who is once successful has no assurance that at the next throw of the die, he may not prove altogether a loser. There are many cases in which the court that tries a cause will not interfere with the verdict, although it might have rendered a different one had it been sitting as a jury; but generally speaking the court must be satisfied with the finding, otherwise it is its duty to grant a new trial. So the concurrence of the court with the jury is in most cases necessary in the administration of justice.

A writ of error only lies upon a final judgment by a party or privy aggrieved thereby. If a new trial is granted in a cause, and then a second verdict, and the appellate court is entirely satisfied with it although it may be of opinion that the inferior court improperly exercised its discretion in granting a second trial, yet as that act has been the means of doing complete justice between the parties on the merits, why should it be objected for error? In such a case is there any error in the final judgment, which is within the spirit and meaning of the law, allowing a writ of error on a final judgment? There is no error complained of in the proceedings on the last trial, but the record of it is only used as a means of correcting an alleged error committed on another occasion, which does not at all affect its justice, or its merits, so in fact the appellate court does not revise it, but is required to use the record of it, to effect that indirectly which cannot be done directly. Now a proceeding which overturns established law, and which seeks to accomplish that by indirect means, which cannot be done directly, ought not to be tolerated. It has been held that a writ of error could not lie on an arrest of judgment, for the reason that there is no judgment. Fisk vs. Weatherwax, 2 John. Cases, 213; Horne vs. Barney, 19 John, 247. It never occurred to any one in those cases, that this objection might be obviated by going through another trial and suing out a writ of error on the judgment last rendered, and by so oblique a mode of procedure, and in perversion of the principles of law, obtain a correction of an error which the law

would not permit to be done directly. What is the difference in principle between the case of an arrest of judgment, and a new trial? Does not the objection to the one hold equally with regard to the other? What is here said in relation to an arrest of judgment not being a ground for a writ of error, is intended to be understood only of a bare arrest, and is applicable to those cases in which the plaintiff has not had a final judgment entered against him, in such, as well as those wherein a new trial is improperly granted. A mandamus seems in New York to be the remedy. See cases above cited, and 5 Wendell 144; the People vs. the Superior Court of the city of New York.

As far as our examination has extended, the courts of Kentucky alone hold that a writ of error will lie for granting a new trial. The principle is merely laid down in their book of reports, without offering any reason or authority in support of it, or making any attempt to obviate the objections which have been urged against its existence.

Judgment affirmed.