Louis Ruch, Respondent, *v.* Brannock Jones *et al.*, appellants.

33  393
54a 343

*Affidavit.*—The answer of several co-defendants answering jointly is sufficiently verified by the affidavit of one of them. (R. C. 1855, p. 1254, § 20.)

*Answer—Default.*—It is erroneous to take a judgment by default, when an answer is on file, whether verified by affidavit or not; after the answer has been stricken out, a default may be taken.

*Appeal from St. Louis Law Commissioner's Court.*

*Simmons, Wœrner,* and *Billings,* for respondent.

*P. B. Garesché,* for appellants.

This was a suit instituted in the Law Commissioner's Court on an account for painting and glazing.

The defendant Jones in the petition is charged as the debtor, and the defendant Saugrain as the owner, of the ground or property sought to be charged with the lien of demand.

The answer is a joint answer of both defendants, and puts in issue the indebtedness of defendant Jones to plaintiff and the allegation of notice to defendant Saugrain of plaintiff's demand prior to filing lien.

The answer was sworn to by defendant Jones.

Upon this answer, at the trial, the plaintiff moved the court to render judgment as of *nil dicit* against defendant Saugrain, for the reason, as set forth in the motion, that said defendant Saugrain had never made any answer in the cause verified by affidavit of himself, his attorney or agent.

Which motion the court sustained, and, proceeding to try the cause, rendered said judgment against defendant Jones for the debts, and a special judgment against the property of defendant Saugrain to enforce collection of same.

The record shows that there was no proof made of any notice to defendant Saugrain of the demand of plaintiff, prior to filing same, for purposes of securing a lien.

Dryden, Judge, delivered the opinion of the court.

The case hardly presents the point the parties wish decid-

ed, which is, whether the joint answer of several co-defendants is not sufficiently verified by the affidavit of one of them. We have no hesitation in answering the question in the affirmative. (Huntington & wife v. House, 22 Mo. 365.)

If the verification had been insufficient, still it was wrong to render judgment by default so long as the answer was on the record. The right practice in such case is to move to strike out the imperfectly verified answer, and after it is thus disposed of, then take the default; but as long as the answer stands, no matter whether imperfectly verified or not verified at all, it is error to enter a default. The affidavit is no part of the answer.

Let the judgment be reversed and the cause remanded. The other judges concur.