## ADAM SMITH *et al.*

### *v.*

### WILLIAM B. BATEMAN.

PRACTICE—*affidavit of merits by one of two pleading jointly is sufficient.* Where two defendants file a joint plea to a declaration, with which plaintiff has filed an affidavit, stating the nature of the demand and the amount due, an affidavit of merits accompanying the plea, sworn to by one of them, is sufficient.

WRIT OF ERROR to the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

Messrs. SMALL & MOORE, for the plaintiffs in error.

Mr. E. A. SHERBURNE, for the defendant in error.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was an action of assumpsit, brought against Adam Smith and Pierson D. Smith, as co-partners, and guarantors of two promissory notes, under the firm name of Adam Smith & Son. An affidavit was attached to the declaration, stating the nature of the demand and the amount due. Defendants filed only a joint plea of the general issue, with the following affidavit attached :

"STATE OF ILLINOIS, ⎰
  *County of Cook.* ⎱ ss.

"Adam Smith, being duly sworn, says that he is one of the defendants in the above entitled cause; that he verily believes said defendants have a good defense to said cause upon its merits, to the whole of the plaintiff's demands.

"ADAM SMITH,

"PIERSON D. SMITH.

"Subscribed and sworn to before me, this 7th day of September, A. D. 1875.

"WILLIAM H. MOORE,

[Notarial seal.]       *"Notary Public."*

Before the case was reached for trial, the court below, on motion of the plaintiff, struck the plea from the files, for want of a sufficient affidavit of merits, and rendered judgment against the defendants in the sum of $12,002. They appeal from the judgment.

Section 37, p. 779, Rev. Stat. 1874, requires the defendant, or his agent or attorney—where an affidavit, as here, is filed with the declaration—in order to avoid a default, to file with his plea an affidavit of merits. We see no ground of exception to be taken to the affidavit which was here filed, except that it is sworn to by only one of the defendants. The plea being joint, we regard the affidavit as sufficient if made by one only of the defendants. *Whiting et al.* v. *Fuller et al.* 22 Ill. 33; *Ruch* v. *Jones,* 33 Mo. 393; *Brien* v. *Peterman & Cope,* 3 Head (Tenn.), 499.

Considering the affidavit as a sufficient compliance with the statute, the plea was improperly stricken from the files, and the judgment will be reversed and the cause remanded.

*Judgment reversed.*