LEVI HOWLAND, Appellant, v. GEORGE REEVES, Respondent.

Kansas City Court of Appeals, April 11, 1887.

1. PRACTICE—AFFIDAVITS OF WITNESSES ON MOTION FOR NEW TRIAL—LEAVE OF COURT.—There is no statute in this state (as in some of the states) regulating the *affidavits* of witnesses filed in support of a motion for new trial ; nor is there any statutory requirement as to supporting the motion by affidavits. It is a matter of practice and usage. These *affidavits* are to be regarded as the evidence in support of the motion ; and, like any other evidence, may be presented at the hearing. It is not necessary that leave of the court should be first had, at the time of filing the motion. It would be a matter, entirely within the sound discretion of the court, to grant a *continuance*, in order to prepare *affidavits, even at the hearing.*

2. —— JOINT DEMAND—SINGLE AFFIDAVIT.—Where the defendants, as in this case, are sued jointly, on a joint demand, and there is a joint judgment against them, the *affidavit* of one of them meets the reasonable requirement of the rule of practice. It is also within the *discretion* of the court to allow a supplemental affidavit to be filed in support of the motion, if the original filed is informal or not sufficiently full, if satisfied the party is acting in good faith.

3. EVIDENCE—NEWLY DISCOVERED AS GROUND FOR NEW TRIAL—WHAT IS MERELY CUMULATIVE.—Cumulative evidence is evidence

of the same kind to the same point. But evidence of a *different* character, tending to the same general result by proof of a *new and distinct fact*, is not merely cumulative; and is ground for a new trial. There is no *presumption* that the evidence offered is cumulative, the mere presumption is *the other way.* Hayne's New Trial, sect. 90.

4. —— —— NEGLIGENCE IN NOT DISCOVERING EVIDENCE SOONER. Unless the negligence of the parties asking for new trial, in not producing this newly discovered evidence at the trial, is *apparent*, this court will not overrule the discretion of the trial court, in granting a new trial; the presumption being that the discretion was properly exercised.

APPEAL from Schuyler Circuit Court, HON. NAT. M. SHELTON, Special Judge.

*Affirmed.*

The case is stated in the opinion.

HIGBEE & RALEY, for the appellant.

I. The improper granting of new trial may be assigned for error. *Blanchard v. Wolf*, 6 Mo. App. 200; *Fretwell v. Laffoon*, 77 Mo. 26; *The State v. Curtis*, 77 Mo. 267.

II. No diligence was shown; the newly discovered evidence is merely cumulative. *The State v. McLaughlin*, 27 Mo. 111; *Fretwell v. Laffoon*, 77 Mo. 26; *Snyder v. Burnham*, 77 Mo. 52; *Cook v. Railroad*, 56 Mo. 380; *People v. Sup. Court*, 10 Wendell (N. Y.) 285; *The State v. Larrimore*, 20 Mo. 427; *Wells v. Sanger*, 21 Mo. 359; *Boggs v. Lynch*, 22 Mo. 563; *Gaff v. Mulholland*, 33 Mo. 203.

III. The court erred in considering the *affidavits*, on points of evidence which were all outside of the scope of the motion for new trial. It was equivalent to allowing defendants to file a *third* motion for new trial, supported by affidavits, at the next *term after the trial.*

IV. The motion was not accompanied by the affidavit of Rainbolt, nor any reason given for not filing it;

nor was leave taken to file it afterwards, nor to file affidavit of defendants, Reeves, Rainbolt, Taylor and A. J. Reeves, at the November term, 1885. *State v. Mc-Laughlin*, 27 Mo. 111.

V. The statute does not authorize the filing of two motions for new trial; all the grounds should have been stated in the first motion. It was not withdrawn until both were called at the November term. The second motion was then considered as a separate motion.

VI. The newly discovered evidence would not probably change the result.

VII. Where new trial is granted in violation of statute *mandamus* will lie. 12 Mo. 436; 76 Mo. 605; 36 Mo. 46.

SMOOT & PETTINGILL, for the respondent.

I. The bill of exceptions in this cause, after showing the granting of a new trial, shows the concluding proceedings in the trial court, *in haec verba :* "And, thereupon, this cause coming on for trial, plaintiff refused further to prosecute the same, and the court dismissed this cause for want of prosecution." The original bill of exceptions does not contain the respondent's motion for a new trial, nor the affidavits in support of the same, but simply refers to said motion for new trial, and affidavits as exhibits, and contains a request to the clerk to copy them in the said bill of exceptions.

II. No appeal or writ of error lies from the action of a court in granting a new trial. The remedy is by *mandamus*. *Wright v. Railroad*, 20 Mo. App. 481. The refusal to prosecute a suit, and a dismissal, by the court for that reason, is a voluntary dismissal and an appeal will not lie. *Railroad v. County Court of Franklin County*, 55 Mo. 162.

III. The only question presented is this : Can the action of the court below, in granting a new trial, be *reviewed on appeal or writ of error ?* When appellant, the plaintiff in the court below, refused to prosecute his

suit, and the court thereupon rendered a judgment of dismissal for want of prosecution, it was equivalent to a voluntary non-suit taken by appellant, and no appeal could be taken.

PHILIPS, P. J.—This action was to recover in this state on a judgment rendered in the circuit court of Wayne county, Iowa. The cause came on for trial, May 5, 1885. Plaintiff had judgment. On the sixth day of said month defendants filed motion for new trial, alleging various errors. On the eighth day of said month, defendants filed a supplemental motion alleging newly discovered evidence. These motions were continued for hearing to the next November term of the court. The latter motion was accompanied by the affidavit of George Reeves, one of the defendants. Before the hearing of the motions the defendant, Reeves, filed additional affidavit to said motion. At the hearing the defendants abandoned the first grounds for new trial, and relied only upon the ground of newly discovered evidence. The defendants, against the objection of plaintiff, read in support of the motion the affidavits of witnesses as to the material facts newly discovered. The court sustained the motion and awarded a new trial. The statement of plaintiff is: "That this motion was sustained November 7, 1885, solely on the ground that newly discovered evidence, and plaintiff excepted. The case was thereupon dismissed for want of prosecution. Plaintiff tendered a bill of exceptions, which was allowed and filed, and appeal granted."

I. From the way in which plaintiff states his case, it would seem as if he did not tender his bill of exceptions until after the final judgment was rendered dismissing his action for want of prosecution. And as he has brought his case here by appeal, it would seem that he has in fact appealed from the final judgment of the court, instead of prosecuting his writ of error from the action of the court in granting the motion for a new trial

after the final judgment was rendered. Waiving, however, any discussion of this technical question, and choosing to determine this case on its merits, we will consider the matters of error assigned by appellant in their order. As both motions for new trial were filed within the given four days, there is no tenable objection to the court considering the second motion, especially after the defendant, in effect, abandoned the ground set up in the first motion.

It is assigned for error that the court admitted, on the hearing of the motion, the affidavits of the witnesses, when they had not been filed at the time of filing the motion, and without first having obtained leave of the court to file them at a later day. This objection is not tenable. There is no statute in this state, as in some of the states, regulating this practice. The statute only requires that the party moving shall file his motion within four days after judgment. Nor is there any statutory requirement as to supporting the motion by affidavit. It is a matter of practice and usage. The court admits the affidavits of the witnesses, as it often economizes time in the hearing, and is the better way of preserving the exact evidence, or statement of the witness. These affidavits are to be regarded as the evidence in support of the motion ; and, like any other evidence, may be presented at the hearing. As, for example, it is not an uncommon thing in the practice of the courts of this state, on the hearing of a motion, impeaching the verdict of the jury, to examine the sheriff *ore tenus* in court at the hearing. So it is held, the opposite party may introduce evidence, or affidavits at the hearing, impeaching the integrity of the affiants relied on by the mover for new trial. This is admitted at the time of the hearing. *Parker v. Hardy*, 24 Pick. 246.

Had the motion in this case come on for hearing at the term at which it was filed, the defendants might, if not ready with their proofs, have asked for further time in which to prepare the affidavits.

This is a common practice. The important witness may be out of the way, or too sick to obtain his affidavit in time, should the motion be taken up *instanter*, as it might be. In such case the party may ask for a continuance of the motion, in order to enable him to prepare his affidavits. It would be a matter entirely within the sound discretion of the court. Here in this case the hearing of this motion was continued over the term. For what reason is not disclosed. The plaintiff, for his own protection, might have demanded that the defendants be required to file the affidavits at the first term; and it would have been within the discretion of the court to require this to be done. The receiving of the affidavits, as and when the court did, is a matter of practice in the court, in the exercise of a sound discretion, with which this court will not interfere, except it be made to appear clearly that the discretion has been abused.

II. It is also assigned for error that the motion for new trial was supported by the affidavit of only one of the defendants. This is not well taken. Where the defendants, as in this case, are sued jointly, on a joint demand, and there is a joint judgment against them, the affidavit of one of them meets the reasonable requirements of the rule of practice. *Huntington v. House*, 22 Mo. 365; *Roach v. Jones*, 33 Mo. 393; *Morgner v. Birkhead*, 34 Mo. 214.

III. It is further objected that the court permitted one of the defendants, after the four days time for filing motion, to make a supplemental affidavit in support of the motion. We think this was also a matter of discretion with the trial court. Like the affidavit to a pleading, when that was required by the practice act, the affidavit was not a part of the motion. *Roach v. Jones*, *supra*. Under the rule or usage such motion must be supported by the affidavit of the party, or the court may not hear it. But if the affidavit originally filed be informal, or not sufficiently full, we can perceive no valid

objection to the court, if satisfied the party is acting in good faith, allowing the party to make a fuller and more definite affidavit. The affidavit of the party is not essential evidence to maintain the motion. It is only proof to the court of the party's good faith. The evidence on which the court ultimately acts is the affidavits of the witnesses who are to depose to the fact on trial. Graham & Watts New Trial, 1067. Even where the statute, as in California, requires affidavits in support of the motion to be filed within so many days after motion is filed, it is deemed as somewhat in the discretion of the court to permit affidavits out of time. Haynes New Trial, 362, note 4.

IV. The principal objection, on the merits, is, that the newly discovered evidence was merely cumulative. Cumulative evidence, says Greenleaf, section 2, is evidence of the same kind, to the same point. Thus, if a fact is attempted to be proved by the verbal admission of the party, evidence of another verbal admission of the same fact is cumulative; but evidence of other circumstances, tending to establish the fact, is not. The case of *Parker v. Hardy* (*supra*), is cited in support of the text. The question there involved was, as to whether a party had authorized one as his agent, to sell his horse. Much evidence was introduced, *pro* and *con.*, at the trial, bearing directly and indirectly upon this issue. New trial was moved for, on the ground of newly discovered evidence, to the effect that a certain witness would testify that he heard plaintiff say he had given such authority. This was held not to be merely cumulative evidence. The court say: "It was a new kind of evidence. And although it is additional to other evidence, tending to prove the same position, yet, it is not cumulative, because it is of a different character, tending to the same general result, by proof of a new and distinct fact."

In the case at bar the issue on trial was, whether the defendants had been personally served with process, in

the case of the judgment rendered against them in the Iowa court. The contention of plaintiff was, that the sheriff served said writ of summons, as shown by his official return, on the third day of June, 1879. The defendants testified that they were not in that county on that day, and that no such summons was then served on them. The plaintiff introduced evidence of witnesses to the effect that defendants were in said county in the month of June, 1879, but on what day they did not state, but after said suit was brought; and that they heard them swearing about having been sued. And, "that at the time the sheriff was at Promise City (in said county) to serve the notice, he attached a span of mules in the evening, but returned them next morning." From which it was made to appear by plaintiff's evidence, that, when the sheriff claims to have made service of summons on defendants, it was the same time he seized the mules under writ of attachment. It does not appear that this writ of attachment was in aid of plaintiff's suit. Now, if defendants could have introduced this new evidence, showing that the mules were so taken ———— days prior to the third of June, it would have clearly been competent evidence in rebuttal, and taken in connection with defendants' testimony, that they were not so served on the third of June, and were not then there, it was well calculated to weaken the plaintiff's cause, and sway the mind of the jury on closely balancing testimony. This is precisely what the newly discovered evidence was proposed to accomplish; and it is the fact, strongly developed by the affidavits of the witnesses, that the occurrence of the taking of the mules was some days anterior to the third day of June. Can this technically be said to be mere cumulative evidence? "There is no presumption that the evidence is cumulative; the mere presumption is the other way." It devolves on the plaintiff to make this apparent. Haynes, New Trial, sect. 90.

It is to be observed that plaintiff's witnesses did not pretend to fix any specific date for the transaction of taking the mules. It was on the evening of the time when the sheriff served the notice on defendants. This is an important occurrence, a new fact, bearing immediately on the essential question of the verity of the sheriff's return, that he made the service in his county on the third day of June. ·The precise time was of the essence of the matter in issue, where defendants were proving an *alibi* in effect. Had the plaintiff's own witnesses, in this connection, stated that this occurred some days prior to the third of June, they would have disproved the plaintiff's case in a most material particular.

The newly discovered evidence is, therefore, a new kind of evidence, and "although it is additional to other evidence tending to prove the same position, yet it is not cumulative, because it is of a different character, tending to establish the same general result by proof of a new and distinct fact."

V. As to the imputed negligence of defendants, in not discovering and producing this evidence at the trial, we do not, under the circumstances of this case, think it so apparent as to warrant us in overruling the discretion of the trial court. It is true, as suggested by the plaintiff's counsel, there had been a former mistrial of this case ; but there is nothing in this record to indicate that this evidence was introduced by plaintiff at the first trial. There is nothing before us to show that defendants knew the date of the seizure of the mules, or that there was any such connection between the alleged date of service of process on them, and the taking of the mules. It does not appear that the witnesses, who are to depose to the new facts, were at the trial or testified thereon.

The fact that these witnesses were near neighbors of defendants, etc., would not, of itself, indicate to defendants that they knew the new facts. Why should de-

fendants be held to have supposed these witnesses knew, or were present when, the mules were taken under attachment? The defendant, in his affidavit, swore that he did not know of this evidence, and had no reason to know that the witnesses knew of it. It devolved on the plaintiff to make it apparent, to the reasonable satisfaction of the court, that this was not true ; either from the surrounding facts and circumstances in evidence, or by other satisfactory means. The trial judge had heard all the testimony. Presumably, he knew the defendants, and their witnesses, their character and standing. The court was in a much better situation than this court to judge of the weight of this new evidence, its probable effect on a further trial, and the good faith of the defendants, in moving for the re-hearing. The well established rule of the appellate courts, on this very account, is, not to interfere with the discretion of the trial court in refusing or granting a new trial, unless it clearly appears that the discretion has been abused and injuriously exercised ; the presumption being that the discretion was properly exercised. Haynes' New Trial, sect. 87 ; *Oldham v. Henderson*, 4 Mo. 295 ; *State v. Floyd*, 15 Mo. 349.

As appositely said by Scott, J., in *Helm v. Bassett* (9 Mo. 54, 55), "there is an obvious distinction between granting a new trial and the refusal of one. By granting a new trial the cause is kept open, another opportunity is afforded for an investigation of its merits, and the injury, if any, is merely that of delay ; whereas, on the other hand, the refusal of a new trial precludes a party from all redress in the future, and the injury committed is irreparable. The injury resulting from granting a new trial is like that caused by granting a continuance of a cause. The law has that degree of confidence in its own administration, that it contemplates that he who is entitled to a verdict in a case at one time, will obtain it at another ; and the contrary idea goes upon the supposition, that a trial by jury is a

game of chance, and he who is once successful has no assurance that, at the next throw of the die, he may prove altogether a loser. There are many cases in which the court that tries the cause will not interfere with the verdict, although it might have rendered a different one had it been sitting as a jury, but, generally speaking, the court must be satisfied with the finding; otherwise it is its duty to grant a new trial. So the concurrence of the court with the jury is in most cases necessary in the administration of justice."

The persistence with which the plaintiff insists upon the fruit of the victory won by the jury, evinces lack of confidence in the strength of his cause, and gives color to the presumption that the trial court was well satisfied that the ends of justice demanded a *venire de novo*. Plaintiff has suggested other discrepancies in the motion for a new trial, and made many criticisms, which have not been overlooked, but they go not to the root of the matter.

The other judges concurring, the judgment of the circuit court is affirmed.