MARY MACKIN *et al.*, Respondents, v. PEOPLE'S STREET
RAILWAY AND ELECTRIC LIGHT AND POWER
COMPANY, Appellant.

### Kansas City Court of Appeals, April 27, 1891.

1.  **Trial Practice:** DEMURRER TO EVIDENCE. The evidence in this
    case found abundant to sustain the claim made in the petition ;
    and it is accordingly *held* that a demurrer to the evidence was
    properly overruled.

2.  ———: BURDEN OF PROOF AND PREPONDERANCE OF EVIDENCE:
    INSTRUCTION. An instruction that the burden of proof is upon the
    plaintiffs to establish defendant's liability by a preponderance of
    the testimony is properly refused, when couched in the unex-
    plained legal terms "burden of proof" and "preponderance of
    evidence."

3.  ———: PREPONDERANCE OF EVIDENCE: SCOPE OF SERVANT'S
    AUTHORITY : PLEADING AND EVIDENCE : INSTRUCTION. An instruc-
    tion that the jury must believe from a preponderance of the testi-
    mony that plaintiff's injuries were caused by the wrongful acts of
    defendant's servants which was within the scope of their author-
    ity was properly refused in this case as there was no issue as to
    acts complained of being in the scope of the servant's authority
    presented either by the pleadings or the evidence.

4.  **New Trials:** NEWLY-DISCOVERED EVIDENCE : DILIGENCE. Before
    a new trial will be granted upon the ground of newly-discovered
    evidence, there must be a showing of honest endeavor and dili-
    gence to procure and produce the testimony when the trial was
    had in the first instance.

5.  ———: ———: CHANGING VERDICT : CHARACTER OF NEW WITNESS.
    In passing on a motion for new trial on the ground of newly-dis-
    covered evidence, the trial court can investigate the character and
    credibility of the newly-found witnesses. If it should be clear that
    the newly-discovered evidence would have no effect upon another
    verdict, the motion should be denied ; and, if it be doubtful
    how the evidence would affect the result, the motion should be
    sustained.

*Appeal from the Buchanan Circuit Court.* — HON.
HENRY M. RAMEY, Judge.

AFFIRMED.

*Amick & Brown*, for appellant.

(1) Defendant's first instruction should have been given. The verdict is not supported by the evidence. *Spohn v. Railroad*, 87 Mo. 74; *Callahan v. Warne*, 40 Mo. 137; *Reid v. Ins. Co.*, 58 Mo. 422; *Wright v. Railroad*, 20 Mo. App. 483; *O'Donnell v. Railroad*, 7 Mo. App. 190; *Kelley v. Railroad*, 11 Mo. App. 4; *Friesz v. Fallon*, 24 Mo. App. 439; *Taylor v. Fox*, 16 Mo. App. 527; *Clark v. Fairley*, 30 Mo. App. 335; *Gaslight Co. v. Ins. Co.*, 33 Mo. App. 349. (2) Defendant's instructions, numbered 2 and 13, should have been given. *State v. Musick*, 71 Mo. 401; *Clarke v. Kitchen*, 52 Mo. 316; *Davis v. Railroad*, 13 Mo. App. 449; *Fletcher v. Mfg. Co.*, 35 Mo. App. 329; *Blith v. Hendrich*, 33 Mo. App. 243; *Berry v. Wilson*, 64 Mo. 164; *Carson v. Porter*, 22 Mo. App. 179; *Miller v. Boot & Shoe Co.*, 26 Mo. App. 63; *Stienkamper v. McManus*, 26 Mo. App. 56. (3) Defendant's third instruction should have been given. *Jackson v. Railroad*, 87 Mo. 430; *McKeon v. Railroad*, 42 Mo. 88; *Sherman v. Railroad*, 75 Mo. 65; *Snyder v. Railroad*, 60 Mo. 413; *Garretzen v. Duenckel*, 50 Mo. 104; Story on Agency, sec. 456. (4) The court should have sustained defendant's motion for new trial upon the ground of newly-discovered evidence. *State v. Murray*, 91 Mo. 103; *State v. Bailey*, 94 Mo. 315; *State v. Curtis*, 77 Mo. 267; 1 Graham & Wat. on New Trials, 172; 3 Graham & Wat. on New Trials, 1053–7.

*Ryan & MacDonald*, for respondents.

(1) The court committed no error in refusing appellant's instructions, numbered 2 and 13, as they were technical and misleading, and such instructions have been justly criticised and condemned by our

courts.   But it is the established rule in this state that giving or refusal of such instructions never constitutes reversible error.   *Clarke v. Kitchen*, 52 Mo. 316 ; *Berry v. Wilson*, 64 Mo. 164; *Steinkamper v. McManus*, 26 Mo. App. 56; *Miller v. Boot & Shoe Co.*, 26 Mo. App. 63 ; *Fletcher v. Mfg. Co.*, 35 Mo. App. 329, and other cases cited in appellant's brief.   ( 2 ) Defendant's third instruction was properly refused, since there was not a scintilla of evidence upon which to base it.   All the evidence showed that the servant of defendant was in the performance of his duties when his negligence inflicted the injury upon plaintiff.   The defense was not that the act of the servant of defendant was not in the line of his duty, but that his act did not cause the injury. ( 3 ) The court committed no error in overruling defendant's motion for new trial on the ground of newly-discovered evidence :   *First.*   Because appellant failed to show the least diligence in the matter.   Courts, without exception, regard such applications with suspicion. *Miller v. Whitson*, 40 Mo. 103; *Mills v. Sampsel*, 53 Mo. 364, and cases cited ; 3 Graham & Wat. 1083, 1026. *Second.*   Because, had the testimony of the witness Purkett been offered on the trial, it could not have had the slightest weight in determining the verdict of the jury.   For his testimony was not only contradicted by the testimony of the plaintiff, Mary Mackin, but also by defendant's witness, Mrs. Ballard.   The character of the witness, John H. Purkett, was a proper subject of investigation and inquiry, and if successfully impeached the court might consider the fact in passing on the motion for a new trial.   3 Graham and Waterman on New Trials, 1067, 1068-9 ; *Pomeroy v. Ins. Co.*, 2 Caines, 260; *Parker v. Hardy*, 24 Pick. 246 ; *Williams v. Baldwin*, 18 Johns. 489 ; *Howland v. Reeves*, 25 Mo. App. 462.   ( 4 ) The verdict of the jury was fully warranted by the testimony, and under it the jury might well have returned a larger amount against defendant, as the uncontradicted evidence showed that plaintiff's

right hand was permanently crippled and disabled. *Welch v. McAllister,* 15 Mo. App. 501; *Jones v. Railroad,* 31 Mo. App. 621; *Goetz v. Ambs,* 27 Mo. 34; *Kennedy v. Railroad,* 36 Mo. 364; 3 Graham & Waterman, New Trials, 1137–8, 1142–3.

GILL, J.—The testimony introduced at the trial tends strongly to sustain plaintiff's statement of the facts as prepared by her counsel, and which, in substance, is as follows: On November 20, 1889, the plaintiff, Mary Mackin, became a passenger on one of defendant's street cars. She was accompanied by her daughter, a young girl of twenty-one years of age, and a small child, two years old. When she arrived at her destination, she signaled the conductor, and the car was stopped to permit her to alight. She then proceeded to the side door of the vestibule of the car, where the steps were, leading the little child, whom the conductor took by the arms and set down upon the ground. Mrs. Mackin then attempted to get down, and in doing so, to steady herself, caught hold of the door-jamb with her right hand, and while in this position, and before she had time to do anything further, the conductor in charge of the car seized her roughly by the arm or shoulder, and violently and forcibly pulled and jerked her down from the platform of the car. By reason of this act, her hand, or rather the rings on her finger, were caught on the tongue of the lock-plate of the door, and her whole weight was suspended from the rings, resulting in the tearing and wounding of her finger and hand, the fracture and dislocation of the third finger at the joint where it joins the hand, and the breaking of the bone in the back of her hand, before her hold gave way.

In order to have a correct idea of the car and of the door-jamb, and lock-plate, it is necessary to understand that the cars are of the style known as vestibuled cars, that is, there is a vestibule at either end. The steps of the car for the egress and ingress of passengers are on

the sides of the car, and from these steps a door in the . sides of the car leads into the vestibule, and from the vestibule a door in the end of the car opens into the body of the car.   The jamb of the vestibule door, where the accident occurred, leading to the steps, has fitted into it a brass lock-plate with a tongue for the bolt of the door lock to run over and to protect the wood of the car. This tongue of the plate extended a short distance beyond the inside edge of the jamb.   The face of the lock-plate was mortised into the jamb even and smooth with the face of the jamb, but the tongue of the lock-plate extended a little beyond the wood of the jamb, and curved inwards towards the jamb again, leaving the point sharp and hooked.  'On this point it is probable the rings on plaintiff's right hand caught when she was jerked from the car.

Plaintiff then went to a drugstore near by and had her hand dressed ; then to her physician, Dr. Riley, who attempted to remove the rings, but the flesh was so badly torn and the hand swollen that he was unable to do so, but sent her to a jewelry store, Mr. Goodlive's, where Mr. Wehrle filed the rings off.   Dr. Riley treated her for some five or six weeks.   The result of the injury was a permanent crippling of the hand, and a permanent impairing of ability to perform her household duties, and pains and suffering continuous up to, and at date of, the trial.   The jury found a verdict for $1,500 damages, and, after an unsuccessful motion for a new trial, the cause comes here on appeal.

The points relied upon for reversal may be stated as :   *First*, the court's refusal to give defendant's instruction in the nature of a demurrer to the evidence ; *second*, the refusal to give defendant's instructions 2 and 13, relating to the burden of proof ; *third*, the refusal to give defendant's instruction, numbered 3, incorporating the rule that the injury must have been committed through the negligence of defendant's servants, and that such wrongful acts must have been

within the scope of the agency of such servants; and, *fourth*, that the court should have granted a new trial upon the ground of newly-discovered evidence.

I.   As to the first point, our duty is so clear that the matter is scarcely worthy of discussion.   There was an abundance of evidence to sustain the claim made in the petition.   The statement of facts, set out in the opening of this opinion, is fully justified by the record of the evidence produced here.   Indeed, from a reading of that evidence, we do not see how the jury could have determined the case otherwise.

II.   The court refused to instruct the jury (as requested by defendant) that " the burden of proof is upon the plaintiff to establish defendant's liability by a preponderance of the testimony," and this action is assigned as error.   The refusal of such an instruction as this, couched in the unexplained legal terms, " burden of proof" and " preponderance of evidence," has been sustained by our supreme court.   *Clark v. Kitchen*, 52 Mo. 316.   It was said in that case, that such an instruction " is such as to readily confuse and mislead the minds of the jury."   The words, " preponderance of evidence," are, with the average jury, susceptible of, and very likely to receive, almost an infinity of construction."   See, also, decision by the St. Louis Court of Appeals, *Fletcher v. Mfg. Co.*, 35 Mo. App. 329, and cases cited.

III.   Defendant's instruction, numbered 3, the refusal of which is assigned as error, reads as follows: " 3.   The court instructs the jury that, before they can find for plaintiff, they must believe from a preponderance of the testimony that plaintiff's injuries were caused by the wrongful acts or negligence of defendant's servants, and that such wrongful acts or negligence was within the scope of authority delegated to such servants by defendant."   The criticism made in the foregoing paragraph as to the use of " preponderance of the testimony " applies here; and as to the

closing sentence that the jury should believe "that such wrongful acts or negligence were within the scope of authority delegated to such servants by defendant," it may be said that neither by the pleadings nor by the evidence was any such issue presented. It stands admitted that, in assisting the plaintiff to alight from the car, the conductor was in the line of the performance of his duties. Said instruction was then properly refused.

IV. The last ground for new trial, as presented in defendant's motion, is this: "That defendant, since the trial, discovered new and important evidence which is material and relevant to its defense, and which would change the result of the trial, and cause the jury to find its verdict in favor of defendant. That defendant had a good and meritorious defense in this case, as shown by the newly-discovered evidence, and that offered at the trial." Accompanying the motion for new trial defendant presented, in support of this ground, the affidavit of one Purkett, stating matter which, if produced in time, would tend to sustain the defense. Thereupon, plaintiff presented counter-affidavits, not only expressly contradicting the story related by Purkett, but numerous affidavits tending to impeach the credibility and character of Purkett. Defendant's counsel find fault with the trial court in refusing a new trial on the ground above alleged. The lower court was justified in such refusal for two obvious reasons. In the first place defendants made no showing whatever of prior diligence. There is not a word of excuse offered why this evidence was, or could, not have been discovered and produced at the trial. Courts very justly look with suspicion on such application, and, before granting a new trial on the ground of newly-discovered evidence, there must be a showing of honest endeavor and diligence to procure and produce the testimony when the trial was had in the first instance. The presumption is violent, it is said, that the applicant for a new trial might have previously discovered the witness

Mackin v. The People's Ry., etc., Co.

on using reasonable diligence. "It is easy for a party to claim the discovery of new evidence, and it is hard that his opponent should be compelled to submit to the expense of a second trial, when such claim is either unfounded, or the result of negligence in the first preparation." 3 Graham & Waterman on New Trials, secs. 1026–1083. Stringent rules are applied by the courts to prevent the almost endless mischief which a different course would produce. Careless preparation, tampering with witnesses, repeated and fruitless trials, and immense expense in litigation would be a few of the many evils attendant upon a loose practice in this respect. See also *Mills v. Sampsel*, 53 Mo. 364, and cases cited. And again the court was justified in denying a new trial because of this alleged newly-discovered evidence, if the trial judge believed (as he might well have believed) that such new evidence could not have influenced the verdict. The character and credibility of the witness Purkett was a proper subject of investigation, and if successfully impeached the court might consider the same in passing on the motion for a new trial. And if it should be clear that the new evidence would have no effect upon another verdict the motion should be denied, but if it be doubtful as to how the evidence would affect the result, then, it is said, the motion should be sustained. 3 Graham & Waterman on New Trials, secs. 1068-9; *Howland v. Reeves*, 25 Mo. App. 462; *State v. Bailey*, 94 Mo. 316; *Parker v. Hardy*, 24 Pick. 246; *Williams v. Baldwin*, 18 Johns. 489.

Upon a careful examination then of the whole case we discover no reason for a reversal, and, therefore, affirm the judgment of the circuit court. All concur.