GEORGE W. SAMUEL, Respondent, v. ANDREW W. POTTER *et al.*, Appellants.

Kansas City Court of Appeals, December 24, 1887.

PRACTICE—DIRECTION TO FIND FOR PLAINTIFF, UNDER PLEA OF FRAUD AND NO CONSIDERATION IN SUIT ON NOTE—DUTY OF SUBMITTING OF ISSUES TO JURY—CASE ADJUDGED.—Where, in a suit upon a negotiable promissory note, the plea was false representations, and that the note was without consideration ; and the evidence of the plaintiff tended to show that he was a *bona-fide* purchaser for value and before maturity ; and that of the defendant tended to show the fraud and false and fraudulent representations alleged in the answer, and that the note was procured thereby, and was without consideration ; and there was also evidence, unexplained by plaintiff, that the note was taken by plaintiff on account of an antecedent debt owed to him by Bassett, the payee and indorser of the note to plaintiff, the trial court instructed the jury to find for the plaintiff in the sum claimed by him. *Held*, to be error because the jury were the sole judges of the weight of the evidence, and that the issues should have been determined by it on the evidence. *Held, further*, that if the note was taken in payment of an antecedent debt owed by Bassett to plaintiff, and not as collateral security, the transfer was upon sufficient consideration. (PHILIPS, P. J., dissents in a separate opinion).

APPEAL from Clinton Circuit Court, HON. JAMES M. SANDUSKY, Judge.

*Reversed and remanded.*

The case is stated in the opinion.

WILLIAM HENRY and ROLAND HUGHES, for the appellants.

I. When defendants proved that there was fraud in the inception of the note, the *onus probandi* was cast upon the plaintiff to show that he acquired the note *bona fide*, for value, in the usual course of trade while current. *Cass Co. v. Green*, 66 Mo. 498 ; *Edwards v. Thomas*, 66 Mo. 468 ; 1 Daniel Neg. Inst., sec. 769*a*.

II. Since the note was taken as collateral security

he is not protected as one acquiring a note in the usual course of business, if he took it to secure preëxisting indebtedness, as is inferable from the evidence. And as to whether he took the note for money then advanced, and as to whether he took it in good faith without suspicion of the wrong or fraud in procuring the execution of the note, were questions of fact for the determination of the jury; and their province was invaded by taking these, as well as the other, questions of fact in issue from them by giving the instruction to find for plaintiff. *Hipsley v. Railroad*, 88 Mo. 348; *Kenney v. Railroad*, 80 Mo. 573; *Gregory v. Chambers*, 78 Mo. 298; *Myers v. Union Trust Co.*, 82 Mo. 238; *Bryan v. Wear*, 4 Mo. 106; *McAfee v. Ryan*, 11 Mo. 365; *Steamboat v. Matthews*, 28 Mo. 248; *Bradford v. Rudolph*, 45 Mo. 426; *Wilson v. Board of Education*, 63 Mo. 137; *Buesching v. Gas Light Co.*, 73 Mo. 219; *Landies v. Ins. Co.*, 56 Mo. 590; *Holliday v. Jones*, 59 Mo. 484; Rev. Stat., sec. 3633, p. 619; *Fisher v. Railroad*, 23 Mo. App. 201; *Hemelreich v. Carlos*, 24 Mo. App. 264.

III. The note being sued upon as a note to Bassett, in the capacity of agent, and there being enough on the face of the note to give one notice that he was acting in some such capacity in taking it, and plaintiff having admitted in his evidence that he knew Bassett was agent, coupled with the failure of plaintiff to show authority in Bassett to pledge the note, leaves the plaintiff without any standing as an innocent purchaser, and any failure of consideration for the note may be relied upon; and it follows from the same facts that plaintiff has no sufficient title to the note to enable him to maintain a suit upon it, even if there was no defence to it as against the true owner. Danl. on Neg. Inst. [3 Ed.] sec. 795a and 795b, pp. 745, 746; *Wilson v. Murphy*, 45 Mo. 409.

THOS. E. TURNEY, for the respondent.

I. The consideration of a negotiable promissory note in the hands of an innocent holder for value cannot

be inquired into ; and before the consideration can be impeached it must be first shown that the holder had notice of the lack of consideration. *Merrick v. Phillips*, 58 Mo. 436, and cases cited.

II.　When a note is shown to have been originally obtained or put in circulation by fraud, the *onus* is then on the holder to show that he got it for value in good faith. *Hamilton v. Marks*, 63 Mo. 167. Mere negligence, however gross, is not sufficient to deprive one of the character of a *bona-fide* holder of commercial paper. There must be proof of bad faith. *Hamilton v. Marks*, 63 Mo. 167 ; *Bank v. Stoneware Co.*, 4 Mo. App. 276 ; *Chapman v. Rose*, 56 N. Y. 137 ; *Phelan v. Moss*, 67 Pa. St. 59 ; *Miller v. Finley*, 26 Mich. 249. The appellant, Potter, testifies that he first learned of Bassett's alleged fraud, and that there was no consideration for the note, about the last Saturday in February, 1885. The appellant, Althouse, testifies that he was first convinced of the fact on the second day of March, 1885. It is not disputed that the note was assigned to respondent on the fifth day of February, 1885. As the appellants themselves did not then know of any infirmity in, or defence to, the note, it is, to say the least, a little unreasonable to charge the respondent with such knowledge.

III.　That the note was purchased in good faith by respondent is testified to by him, is attested by the circumstances attending the purchase, and is contradicted by no one. That he paid two hundred and twelve dollars on the faith of the assignment is testified to by both the respondent and Bassett and they are not contradicted by any one. That the note was to be returned to Bassett upon payment of the money advanced, with interest at the rate of ten per cent. per annum, is only evidence of fair dealing on the part of the respondent and of a proper care for his principal's interests on the part of the agent. *Logan v. Smith*, 62 Mo. 455 ; *Holcomb v. Wyckoff* [35 N. J. 35] 10 Am. Rep. 219. There is not a scintilla of evidence that the note was taken for a pre-

existing debt in whole or in part; and the judgment is only for the sum paid for the note and the interest agreed on. The appellant's allusion to a drowning man "grabbing at a straw," is suggestive in this connection, but the respondent is not the drowning man.

IV. It was not necessary to prove Bassett's agency. The fact was admitted by the execution of the note. That he was known to hold the note as agent, by the respondent, does not affect respondent's position or rights as an innocent holder for value of the note. He must prove the authority of the agent to assign and transfer the note, and this was done. The money was obtained to pay taxes owing by the heirs of the Long estate on their lands in Missouri, which had been in Bassett's charge as agent for nearly thirty years, and was so applied by him. For these taxes Mrs. Long, although insane, was equally liable with the other heir, and it was the agent's duty to pay them.

V. The court did not err in giving the instruction prayed by plaintiff.

VI. There is not a *scintilla* of evidence that the respondent was not a purchaser in good faith, for value, before maturity, of the note sued on. There is nothing on the face of the note to impeach its validity. There is not a *scintilla* of evidence that Bassett was not authorized to assign the note. *Horton v. Bayne*, 52 Mo. 531; *Corby v. Butler*, 55 Mo. 398, in which similar instructions were given. As there was affirmative proof of all these facts it would have been error to submit the case to the jury.

HALL, J.—This was a suit upon a negotiable promissory note executed by the defendants to B. F. Bassett, agent of the estate of R. Long, deceased, and by him, as said agent, endorsed and transferred to the plaintiff.

The defendants, in their answer, alleged that they were induced to execute the note in suit by certain false and fraudulent representations made by said Bassett; and that said note was procured by said Bassett by cer-

tain alleged frauds, and without consideration ; and that plaintiff received the note as collateral security for a preëxisting debt, due from said Bassett, with full knowledge of the frauds, and the want of consideration aforesaid, and to assist Bassett in collecting the note.

The plaintiff, after introducing the note in evidence, without waiting for any testimony on the part of the defendants, showing that it had been obtained by fraud, introduced his own testimony tending to show that he was a *bona-fide* purchaser for value, before maturity, of the note sued on. The defendants introduced testimony tending to show the fraud, and false and fraudulent representations alleged in the answer, and that the note was procured thereby and was without consideration. The defendant, Althouse, testified to statements made by the plaintiff, from which it might have been inferred, as those statements were left unexplained by the plaintiff, that the note was taken by the latter on account of an antecedent debt owed by Bassett to him.

Under this state of the evidence the court instructed the jury to find for the plaintiff in the sum claimed by him. In so doing the court erred. The court should have submitted the whole case to the jury by proper instructions. This matter has been fully discussed and determined in *Johnson v. McMurry* (72 Mo. 280), and *Carson v. Porter* (22 Mo. App. 184). The jury were the sole judges of the weight of the evidence introduced by the defendants tending to show the fraud and want of consideration alleged in the answer, and also of the plaintiff's testimony tending to show that he had acquired the note in good faith, for value, and before maturity.

As this case will have to be remanded for new trial on account of the error stated, we deem it proper to say that, if the note in suit was taken by the plaintiff in payment of an antecedent debt owed by Bassett to him, and not as a mere collateral security for such debt, the transfer of the note to plaintiff was upon a sufficient

consideration. 1 Daniel on Neg. Inst., secs. 826-827, 832, and cases cited. But if the plaintiff took the note merely as a collateral security, giving therefor no other consideration, he holds it subject to the equities of the original parties to the note. *Goodman v. Simmonds*, 19 Mo. 107; *Deere v. Marsden*, 88 Mo. 514.

Judgment reversed and cause remanded. Ellison, J., concurs; Philips, P. J., dissents.

PHILIPS, P. J., DISSENTING.—I do not concur in reversing this judgment, for the reason that on the whole record the judgment was unquestionably for the right party. I make no question as to the rule of shifting the burden of proof, as declared in the majority opinion. The possession by plaintiff of the note in question, it being a negotiable promissory note, under the endorsement of Bassett as payee, was *prima-facie* evidence that plaintiff acquired it in the due course of trade before maturity, and that he was an innocent holder for value. This imposed upon defendant the burden of showing such facts as would rebut this presumption. Even if it be conceded that Bassett fraudulently procured the contract of lease, which was the consideration of the note, the record shows that the defendants did not stop there, but undertook to show affirmatively that plaintiff was not an innocent holder, freed from any equities between defendants and Bassett, by putting in proof a conversation had between plaintiff and one of the defendants in the city of St. Joseph. The sum and whole substance of this admission of plaintiff was, that he may have taken the note in settlement of an antecedent debt from Bassett to him. Conceding this to be true, and this is all defendants can claim, this fact did not disprove that plaintiff was an innocent holder.

Whatever may be the better rule touching the vexed question of taking a note merely as collateral security for a preëxisting debt, without more, the rule of law is now quite universally conceded to be, that a negotiable note taken prior to maturity in payment of an antece-

dent debt is not subject, in the hands of the transferee, to any equities between the original holder and maker. 1 Daniel on Neg. Inst., secs. 826, 827, 831, 832; *Blanchers v. Stevens*, 3 Cush. 168; *Manning v. McClure*, 36 Ill. 498; *Bank v. Heald*, 25 Md. 563; *Insurance Co. v. Church*, 81 N. Y. 226; *Bank v. Crow*, 60 N. Y. 85.

As the evidence on the part of plaintiff was without contradiction, and, in fact, was hardly contested by defendants at the trial, as evidenced by the fact that the defendants only sought, by the evidence introduced by them, to show that plaintiff had merely taken the note in payment of an antecedent debt, there was really no issue of fact for the jury to pass upon. The only fact, as admitted by the majority opinion, which the plaintiff was called upon to prove in rebuttal of the defendants' evidence, that the note was fraudulently obtained, was, that he had taken the note before maturity for value. As already stated, this fact was virtually conceded by the defendants by their course at the trial. Besides, the evidence was so one-sided as to this fact, that it would have been the plain duty of the trial court to have set aside, on motion, a verdict of the jury finding otherwise. In such instance it cannot be error for the trial court to direct a verdict for the plaintiff. The defendants were only relying upon the fact of the claimed admission of plaintiff as to how he held the note. The law is, that such admission still made him an innocent holder. Then why, when a judgment is so manifestly for the right party, and on the very theory on which defendants tried their case, should this court, on an empty technicality, reverse the judgment? This is, in my opinion, sacrificing substance for mere form— a naked abstraction.