Nancy J. Gooch and Joseph Gooch, Respondents, v. George Hollan, Appellant.

Kansas City Court of Appeals, April 23, 1888.

1.  Practice—Conflict of Evidence—Instructions Directing Jury to Return Verdict.—Where the evidence is conflicting, the trial court errs in giving an instruction, that upon the evidence plaintiff is entitled to recover:

2.  Evidence—Action of Detainer—Competency of Lease to Show Possession.—In an action of unlawful detainer a lease from plaintiff to a third party is competent as an act of possession, and tending to prove their prior possession.

3.  Unlawful Detainer—Title not Involved, but Possession Only.—In the action of unlawful detainer or disseisin, the title is not involved ; the matter of possession only is to be litigated. The real owner of the property may be guilty of forcible entry or unlawful detainer.

Appeal from Linn Circuit Court, Hon. G. D. Burgess, Judge.

*Reversed and remanded.*

Statement of case by the court.

This is an action of unlawful detainer, or disseisin, instituted in a justice's court, and tried on appeal in the circuit court. On the trial the plaintiffs, who are husband and wife, read in evidence a deed from one Warner conveying the premises in question to the plaintiff Nancy Gooch, dated January 26, 1882. On the ninth day of December, 1882, the plaintiff Nancy, through one Evans, rented the said property to one Heck until the first day of March, 1883. Heck so entered and occupied the property until the first day of March, 1883 ; when he declined to further rent from plaintiffs. One Botts, in the meantime having sold the premises under an execution to satisfy a judgment in his favor against

said Joseph Gooch, and on exhibition to Heck of the sheriff's deed therefor, and demanding the premises, Heck attorned to Botts, and took a lease from him, dated March 3, 1883, to run until the third day of March, 1884. Thereafter the plaintiffs instituted an action of unlawful detainer, for the recovery of the possession of the premises against Heck. That cause was tried on appeal in the Linn circuit court, December 9, 1884, in which judgment went in favor of defendant Heck. This proceeding and judgment the defendant Hollan here offered in evidence, and the court rejected the same.

Before the trial of said cause of plaintiffs against Heck, Heck went out of the possession, and said Botts leased the same to the defendant Hollan, who entered as lessee under Botts ; when plaintiffs instituted this action against Hollan.

The plaintiffs' evidence tended to show that after Heck vacated the premises, they went and fastened down the windows in the house, and locked the door, and afterwards found the defendant therein.

The defendant's evidence tended to show that when Botts leased the premises to defendant, on the going out of Heck, he found the door of the building open, and no one in possession. The defendant also offered in evidence the record of the proceedings and judgment in a cause of said Botts against said Nancy Gooch and husband, in said circuit court, which was a bill in equity, to set aside the said deed from Warner to said Nancy, on the ground that she held the title fraudulently as against Botts the creditor of said Joseph Gooch, and to vest the title in said Botts. The decree in favor of Botts was rendered on the twenty-ninth day of August, 1884. The judgment in the case now on appeal was rendered in December, 1886. The court also rejected said evidence.

On this state of the proofs the court, among others, instructed the jury that, under the evidence, the verdict of the jury must be for the plaintiffs.

L. T. Collier, for the appellant.

I. The court erred in admitting as evidence the paper writing, dated December 9, 1882, and signed by Joseph Heck, purporting to rent the premises in question ; and further erred in permitting the witness Evans to testify (against the objections of defendant) as to such renting, and declarations then and there made by said Heck. *Seifert v. Withington*, 63 Mo. 577 ; *Reed v. Bell*, 26 Mo. 217 ; *Armstrong v. Hendrick*, 67 Mo. 542 ; *De Graw v. Prior*, 53 Mo. 313 ; *Miller v. Tilman*, 61 Mo. 318.

II. The court erred in excluding from the jury the record and proceedings in the case of Nancy J. and Joseph Gooch against Joseph Heck, the complaint therein being for alleged unlawful detainer of the premises in dispute in this case, and filed March 12, 1883, and judgments by the Linn circuit court, December 9, 1884, in favor of the said Heck, for the proprietors. *Henry v. Woods*, 77 Mo. 280 ; Freeman on Judgments, sec. 171 ; *Ins. Co. v. Cravens*, 69 Mo. 76 ; 1 Greenl. Evid., sec. 538 ; *Cooley v. Warren*, 53 Mo. 169.

III. The court below further erred in excluding from the jury as evidence the record and proceedings in the equity suit of Seth Botts against Nancy J. and Joseph Gooch, made returnable to the June term, 1883, of the Linn circuit court, and the decree therein, dated August 29, 1884, divesting Nancy J. Gooch of the title to the premises in question, and vesting the same in Seth Botts. *Barclay v. Pickles*, 38 Mo. 145 ; *Pentz v. Kuester*, 41 Mo. 447 ; *Gunn v. Sinclair*, 52 Mo. 327 ; Bigelow on Estoppel [Ed. 1872] 21.

IV. The court erred in giving the instructions asked by the plaintiffs, Gooch and Gooch.

V. The court erred in refusing to give the instructions asked by defendant Hollan.

VI. The court erred in overruling defendant's motions for a new trial and in arrest of judgment.

A. W. MULLINS, for the respondents.

I. The plaintiff, Mrs. Gooch, by her tenants had been in the actual occupancy of the premises in question for more than a year when Joseph Heck, at the end of his term as her tenant, refused to surrender up the possession to her and thereupon accepted a lease from an adverse claimant of the title to the property. But at the end of Heck's term Mrs. Gooch was entitled to the possession, and the lease from Seth Botts to said Heck, as against Mrs. Gooch, was illegal and void, and so, the subsequent lease from said Botts to the defendant Hollan was without validity or legal effect as against Mrs. Gooch. Her right to the possession still remained. The claim of title by said Botts, attempted to be interposed as a defence by the defendant, was properly excluded by the court. *Warren v. Ritter*, 11 Mo. 354; *May v. Luckett*, 48 Mo. 472; *Spalding v. Mayhall*, 27 Mo. 377; *Stone v. Malot*, 7 Mo. 158; *Gibson v. Tong*, 29 Mo. 133; *Edwards v. Cary*, 60 Mo. 572; *Silvey v. Summer*, 61 Mo. 253; Rev. Stat., secs. 2433, 2443.

II. The court committed no error in refusing to admit in evidence as a bar to this suit the record in the case of Gooch and wife against Heck. The proceedings were not between the same parties. The judgment was not upon the merits, but solely upon the ground of insufficient notice to Heck before commencing suit. And that adjudication did not and could not affect Mrs. Gooch's right to recover possession in this case against defendant Hollan. 1 Greenl. on Evid., secs. 524, 530; *Beeler v. Cardwell*, 29 Mo. 72; *Krevet v. Meyer*, 24 Mo. 107; *Henry v. Woods*, 77 Mo. 279.

III. The court committed no error in sustaining plaintiffs' objections and excluding the evidence in the case of Botts *v.* Gooch and wife, because the title to the property was not in question, and the parties were not the same in the two cases. Nor was the evidence admissible for any other competent purpose. See authorities, *supra*.

IV.   No material error is disclosed by the record, and the judgment is for the right party.

Philips, P. J.—I.   This cause will have to be remanded for further trial, for the error of the court in directing the jury to return a verdict for the plaintiffs. Such an instruction was disapproved of in the parallel case of *DeGraw v. Prior*, 53 Mo. 314, even where the court tried the case without the intervention of a jury.

No one would question, I presume, that it would have been error in the court had it, at the conclusion of the plaintiffs' evidence, directed the jury to find for the plaintiffs. There was certainly nothing in the defendant's evidence which authorizes the court to take this course. After the defendant's evidence comes in the whole case must then go to the jury.   *Johnson v. Murray*, 72 Mo. 280; *Carson v. Porter*, 22 Mo. App. 184; *Samuel v. Potter*, 28 Mo. App. 365.

II.  As the case is to go back for retrial, it is proper to pass upon certain questions raised by the appellant. There was no error in admitting in evidence the lease from plaintiffs to Heck.    It was an act of possession by the plaintiffs, and tended to prove their prior possession within three years next before the action, which is always permissible in this action. The deed from Warner to Mrs. Gooch, we do not perceive the propriety of introducing in evidence, as the title is not involved in this action.

III.  The court did not err in excluding the record of the judgment in the unlawful detainer action between plaintiffs and Heck, without further proof.   On its face it was *res inter alios acta*.   The defendant here showed no privity between him and Heck.  He did not claim that he entered under Heck, but under Botts.   Had he made further proof, tending to show that in that action Heck asserted possession under Botts, and that Botts actively defended such title or right through Heck, as by employing counsel, and managing the defense, and the like, as such landlord, that would have constituted Botts, though not a nominal party to the record, yet a

party in fact, so as to enable him to avail himself of such judgment. *Strong v. Ins. Co.*, 62 Mo. 289 ; *Wood v. Ensel*, 63 Mo. 195 ; *Landis v. Hamilton*, 77 Mo. 555. In such case a judgment in favor of Botts' tenant on the question of the right to the possession, no matter whether right or wrong, would be as conclusive in favor of Botts and those taking under him as for Heck, the nominal defendant. *Valentine v. Mahony*, 37 Cal. 389. "The rule of evidence in respect of these matters is reciprocal, and where the judgment would be admissible in evidence against a party, when it was against the right under or through which he claims, it would be also admissible in his favor when the judgment was the other way." *Ib.* 393.

So if that judgment was an adjudication of the right of possession between plaintiffs and Heck, and Botts defended the same, as above indicated for his tenant, and the defendant Hollan took possession under Botts, on the going out of Heck, without in fact breaking plaintiffs' close, that judgment would be admissible in evidence for defendant; especially after plaintiffs had introduced in evidence the fact of Heck's prior possession and refusal to surrender.

IV. Under the sheriff's deed to Botts, the purchaser only acquired the interest of Joseph Gooch. The wife's interest was not affected thereby; nor her right, through her husband, to maintain this possessory action. *Mueller v. Kaessman*, 84 Mo. 325.

V. Nor did the court err in excluding the record of the proceedings and judgment in the equity suit of Botts *vs.* Nancy Gooch, *et al.* That suit pertained to the title of the property. In the action of unlawful detainer, or disseisin, the title is not involved. The matter of possession only is to be litigated. The real owner of property may be guilty of forcible entry, or unlawful detainer.

The judgment of the circuit court is reversed and the cause remanded for further proceeding. All concur.