Clarke v. Kitchen.

C. B. CLARKE, Respondent, *vs.* S. G. KITCHEN, Appellant.

1. *Practice, civil, trials—Instructions—Misleading.*—Instructions, which are likely to confuse and mislead the minds of the jury, should not be given.

*Appeal from St. Louis Circuit Court.*

*Davis, Thoroughman & Jones,* for Appellant.

The first instruction is true as a proposition of law, and should have been given.

*Hendershott & Chandler,* for Respondent.

SHERWOOD, Judge, delivered the opinion of the court.

Action in the St. Louis Circuit Court by Clarke against Kitchen, to recover the value of services alleged to have been rendered by the former, as architect, to the latter.

The petition contained the items of the account sued on, and charged that the plans, specifications and drawings mentioned in the account were made at the request of the defendant for which he was to pay their reasonable worth, and averred, that the same were reasonably worth $1106.18. The answer was a general denial. There was a jury trial, and the evidence was very conflicting. After the testimony was finished, the defendant asked the court to instruct the jury, that:

1st. "There must be a preponderance of evidence in favor of plaintiff; if there is not, the jury will find for the defendant."

2nd. "If the Jury believe from the evidence, that plaintiff agreed with defendant to furnish him a plan and specifications for an 11 or 12 room house, and that plaintiff was to superintend and have said house completed for *that* sum, and that plaintiff failed to furnish said plan and specifications, and failed to get a bid for the sized house agreed upon at the *price aforesaid,* plaintiff is not entitled to any commission, and the jury must find for the defendant."

These instructions the court refused to give; the defendant excepted; and the plaintiff had a verdict, and the cause after an unsuccessful motion for a new trial comes here by appeal from General Term, where the judgment of the Special Term was affirmed.

These instructions were both very properly refused. Indeed on argument here appellant's counsel rested his case solely upon the impropriety of the refusal of the first. That instruction might have cut off the plaintiff from the recovery of any amount whatever, although the testimony of the defendant himself tended to show, that plaintiff was entitled to recover something. Besides the instruction is such as to readily confuse and mislead the minds of the jury. The words "*preponderance of evidence*" are with the average jurors susceptible of, and very likely to receive, almost an infinity of construction.

I shall make no comment on the second instruction. There is no error in the record, and the judgment is, with the concurrence of the other judges affirmed.