————o————

J. M. BERRY, Appellant, *vs.* ROBERT WILSON, Respondent.

1. *Replevin—Instructions—Ownership—Burden of Proof—Preponderance of evidence.*—In replevin an instruction that unless the jury believe that defendant is the owner they will find for plaintiff, is error.

In such suit a further instruction that, unless the jury are satisfied "from a preponderance of evidence" that plaintiff is the owner, they will find for defendant, is not such error as will warrant a reversal. (See Clarke vs. Kitchen, 52 Mo. 316.)

*Appeal from Jasper County Common Pleas Court.*

*Harden & Buler*, for Appellant.

*W. H. Phelps*, for Respondent.

HOUGH, Judge, delivered the opinion of the court.

This was an action of replevin for a steer, of which each party claimed to be the owner. The testimony was conflicting. At the instance of plaintiff, the court gave the following instruction: "Unless the jury believe from the evidence that defendant is the owner of the steer in controversy they will find for the plaintiff, and assess his damages at whatever sum the evidence shows he was damaged, not exceeding three dollars." For the defendant the court gave the following: The court instructs the jury that the burden of proof is upon the plaintiff, and unless he satisfies the jury by a preponderance of testimony that he is the owner of the steer in controversy, you will find the issue for the defendant.

There was a verdict and judgment for the defendant from which the plaintiff has appealed.

These two instructions presented the case to the jury very favorably for the plaintiff. The first instruction errs in his favor.

The strictures made by counsel upon the use of the word "preponderance" in the second, are perhaps justified by the remarks made in the case of Clark vs. Kitchen (52 Mo. 316). Yet it was not thought in that case, nor has it ever been held by this court, that the use of that word in an instruction, in the connection in which it now appears, would warrant a reversal of the judgment.

The only error committed was in favor of the plaintiff. The other judges concurring the judgment will be affirmed.