## J. W. CARSON, Appellant, v. J. W. PORTER, Respondent.

### Kansas City Court of Appeals, May 10, 1886

1. PRACTICE—FRAUDULENT OBTAINING OF NOTE—EVIDENCE—BURDEN OF PROOF—CASE ADJUDGED.—Where, in a suit upon a negotiable promissory note held by a third person, the defence was, that it was fraudulently obtained by the payee, and was without consideration, upon proof by defendant tending to sustain his defence, it *then* became incumbent on the *holder* to prove that he received the note, *bona fide*, before maturity and for value; but not to prove that he had no knowledge of the specific facts which impeach its original validity. Upon the proof of receiving it *bona fide*, before maturity and for value, being made, it *then* devolves upon the *maker* to prove that the holder had actual notice of the specific facts, which would render it originally invalid; *otherwise*, the plaintiff *must* recover. But the defendant is entitled, notwithstanding a

failure to introduce the countervailing proof, to have the whole case submitted to the jury, under proper instructions from the court as to their duty.

2. ——— Instruction—"Preponderance" of Evidence.—Where the instruction of the court, in such a case, was, that if they believed from the evidence that the note was procured by fraud, and was without consideration, it *then* devolved on the plaintiff, before he can recover, to show "by a *preponderance* of the testimony on the case, that he purchased said note in good faith, etc." *Held*, error: That it rested on defendant to show fraud in its inception; that it devolved on plaintiff simply to *rebut* this proof by showing that he was an innocent purchaser, before maturity, for value. and it is only where there is a *conflict of evidence* on this issue that the burden rests on the plaintiff. Hall, J., *dissents*, as to the effect of "*preponderance*" in the instruction.

APPEAL from Audrain Circuit Court, HON. ELIJAH ROBINSON, Judge.

*Reversed and remanded.*

Statement of case by the court.

This is a suit upon a negotiable promissory note, executed by defendant to Geo. H. Rice, attorney for Empire Machine Company, and by him, as said attorney, endorsed and transferred to the plaintiff.

The defendant, in his answer, alleged that he was induced to execute the note in suit by certain false and fraudulent representations made by said Rice; and that said note was procured by said Rice wholly by certain alleged frauds and without consideration; and that plaintiff, when the note was assigned to him, had knowledge thereof, and conspired with said Rice to cheat and defraud the defendant.

The plaintiff introduced the note in evidence and rested. The defendant introduced evidence tending to show the fraud, and false and fraudulent representations alleged in the answer, and that the note was procured thereby and was without consideration. To this evidence the plaintiff unsuccessfully objected as being irrelevant and incompetent, because there was no foundation laid

therefor, and because the defendant should have been required to show that plaintiff had actual notice or knowledge of the specific facts which rendered the note invalid before said evidence was admitted. No testimony was given tending to show any knowledge on the part of plaintiff of any of the alleged frauds, or false and fraudulent representations. At the close of the defendant's evidence, the court refused to give an instruction, in the nature of a demurrer to the evidence, asked by plaintiff. The plaintiff, then, for himself in rebuttal, testified, in effect, that he purchased the note *bona fide*, for a valuable consideration and before maturity, without any notice or knowledge whatever of the consideration for or the circumstances under which it was given.

The court refused to give for plaintiff the following instruction:

"That before a verdict in this case can be rendered for the defendant, the jury must believe from the evidence in the case that plaintiff bought the said note with bad faith and fraudulently, if they shall further believe that he bought the same before due and for a valuable and fair consideration."

Against plaintiff's objection the court gave for the defendant the following instructions:

"1. The court instructs the jury that if they believe from the testimony in the case, that the note in question was procured by fraud, and that there was no consideration for the same, then it devolves upon the plaintiff, before he can recover, to show, by a preponderance of the testimony in the case, that he purchased said note in good faith, for a valuable consideration, and before the maturity thereof."

"3. If the jury believe from the evidence in the cause that the note sued on was procured by fraud and false representations of the person procuring the same, as to the value and utility of the sickle grinder, and that said sickle grinders were worthless, then your verdict will be for the defendant, unless you further believe from

the testimony that the defendant bought said note in good faith before due and for a valuable consideration."

The jury found for the defendant, and the plaintiff has appealed to this court.

Forrist & Fry, for the appellant.

I.    Plaintiff's demurrer to the evidence should have been sustained.   While it may be admitted defendant's evidence tended to show the note was procured by fraud and the consideration of no value, yet there was not an item of evidence showing, or from which it might have been inferred, *that plaintiff had any knowledge of these facts.   Corby v. Butler*, 55 Mo. 400.

II.   There was no *foundation* laid for defendant's evidence of fraud and want of consideration.   Defendant should have been required to show that plaintiff had *actual knowledge*, or notice of the *specific facts* which rendered the note invalid, before this evidence was admitted.   *Johnson v. McMurry*, 72 Mo. 278 ; *Merrick v. Phillips*, 58-Mo. 436 ; *Corby v. Butler*, 55 Mo. 400 ; *Bennet v. Torlina*, 56 Mo. 309.

III.  The verdict was against the evidence.   The jury were influenced by prejudice, or were mistaken as to the issues or evidence.   This can only be remedied by this court, as it was the *second trial* below.   Rev. Stat., sects. 3702, 3703, 3704, 3705.

IV.   The court erred in refusing plaintiff's instructions prayed.   *Bellmon Bk. v. Hoge*, 35 N. Y. 65 ; *Goodman v. Simonds*, 20 How. (U. S.) 343 ; *Johnson v. Way*, 27 Ohio St. 278.

V.    The jury was *misled* by the court's *third* instruction ; and so, also, by its *first*.   General proof by plaintiff that he received the note before due, *bona fide* and for value, was made in this case.   It then devolved upon *defendant* to show that plaintiff had *actual notice* of the specific facts which rendered the note invalid, to defeat recovery.   This is required, because mere presentation of negotiable paper, indorsed in blank, or before

maturity, imports, *prima facie*, that the holder acquired it *bona fide*, for value and before due. Daniel on Neg. Inst., sects. 812, 819. Those instructions did not so direct the jury. *Johnson v. McMurry*, 72 Mo. 282 ; *Third Nat. Bk. v. Tinsley*, 11 Mo. App. 498 ; *Hamilton v. Marks*, 63 Mo. 167 ; *Davis v. Bartlett*, 12 Ohio St. 541 ; *Johnson v. Way*, 27 Ohio St. 378.

EDWARD T. SMITH, for the respondent.

I. The case was fairly submitted to the jury, who had the witnesses before them ; and it was proper for them to pass upon the good faith of plaintiff in purchasing the note. *Johnson v. McMurry*, 72 Mo. 278.

II. The error in *third* instruction, was not called to the attention of the trial court, and could not have misled the jury. It is obvious that the use of the word *defendant* for *plaintiff* was a *clerical* error.

III. No error can be assigned in the appellate court, which was not made the subject of exception in the court below. *Swearingen v. Newman*, 4 Mo. 456 ; *Cook v. Davis*, 4 Mo. 622.

PHILIPS, P. J.—The contention of respondent is, that this case is parallel with that of *Johnson v. McMurry* (72 Mo. 278), and that the court below pursued the law as declared in that case. It may be conceded that the evidence in the two cases is quite alike ; but the course pointed out in *Johnson v. McMurry*, as the proper one to be pursued at the trial, was not, in my opinion, observed in this case.

Under the pleadings, the defendant assumed the burden of showing that the note in suit was fraudulently obtained by the payee and was without consideration. Conceding that this evidence was sufficient ·to go to the jury on the *prima facie* case made by defendant's proof, it then became, on the authority of the case, *supra*, "incumbent upon the holder to prove that he received it (the note) *bona fide*, before maturity and for

value.    He is not required, however, to prove that he had no knowledge of the specific facts which impeach its original validity.    When the general proof is made by the holder that he received the paper before due, *bona fide*, and for value, it then devolves upon the maker to prove that the holder had actual notice of the specific facts which would render it originally invalid; otherwise the plaintiff must recover.''

The plaintiff did offer the requisite proof that he purchased the note in good faith, before maturity, and paid a valuable consideration therefor.    But the defendant offered no such countervailing proof—nothing to balance the proof of the plaintiff, but left the case to rest solely on his proof of the fraud and failure of consideration.

It is true that the defendant was entitled, notwithstanding his failure to introduce the countervailing proof, to have the whole case submitted to the jury (*Johnson v. McMurry, supra ; Kenny v. Ry. Co.*, 80 Mo. 573; *Cannon v. Moore*, 17 Mo. App. 102 ; *Boone v. Wabash, etc., Ry. Co.*, 20 Mo. App. 232) ; but the court should have guided the jury, by proper instructions, in their duty.

The court, when it undertook to instruct the jury on the whole law of the case, should have advised them in direct terms, that it devolved upon the defendant to rebut the *prima facie* case made in favor of the plaintiff, by the assigment and possession of the note, by showing, to the satisfaction of the jury, that the same was fraudulently obtained from him by the payee, without consideration ; that thereupon it devolved upon the plaintiff to show to the satisfaction of the jury that he purchased the note before maturity, in good faith, and for a valuable consideration, and that then it devolved upon the defendant to overcome this proof by plaintiff by further evidence that plaintiff had actual notice of the specific facts of fraud invalidating the note when he took it, and that the defendant had introduced no such proof.

Instead of this plain and obviously fair course to both parties, it is apparent, from the tenor and phraseology of the instructions given by the court, that it gave the plaintiff the laboring oar throughout. The first instruction told the jury, that if they believed from the evidence that the note was procured by fraud and without consideration, it then devolved on the plaintiff, before he can recover, to show "by a *preponderance* of the testimony in the case, that he purchased said note in good faith," etc.

Why apply this term "preponderance" to the plaintiff any more than to the defendant? It was simply the instance of the balancing of testimony. The *prima facie* case was first with the plaintiff as the holder of the note. The burden rested on the defendant to show the fraud, etc., in its inception. When he did this, it devolved on the plaintiff simply to rebut this proof, by showing that he was an innocent purchaser, before maturity, for value. The defendant had not introduced one word of proof in conflict with that so made by plaintiff. There being no conflict of evidence on the issue as to whether the plaintiff was such purchaser, what was there for his proof to outweigh?

In *Clark v. Kitchen* (52 Mo. 316), the court criticised such an instruction in a case where it was less calculated to mislead than here. There was conflicting evidence in that case. The court says: "The *preponderance of evidence* are (words) with the average jurors susceptible of, and very likely to receive an infinity of, constructions."

It is true that in *Berry v. Wilson* (64 Mo. 164), the court say that such language would not necessarily demand a reversal of the judgment; but the learned judge was careful to say: "In the connection in which it now appears." That, it is to be observed, was the instance where there was a conflict of evidence, and the burden rested on the plaintiff.

In the case at bar, the employment of the word in the

instruction was greatly calculated to mislead the minds of the jury. As it was not employed in connection with the proof the defendant was required to make, touching the fraud, etc., its use in connection with the proof the plaintiff was required to make, was calculated to impress the jury with the thought that the plaintiff should do something more than merely rebut the *prima facie* case made out by the defendant. And as they could not see that his proof *preponderated* over that made by the defendant on his branch of the defence, their verdict must be for the defendant. In fact, it is difficult to see how, on the evidence as the defendant left it at the trial, the jury could have found for the defendant, but on some misconception of the import of the term "preponderance," as applied solely by the court to the plaintiff's side of the case. It is remarkable that after the court instructed the jury that it devolved upon the plaintiff to make out his case by a preponderance of the evidence, it should then accord to the defendant the opening and closing argument to the jury, based on the ground that the *burden of proof* rested on the defendant.

I think that common fairness and the ends of justice demand, under the peculiar circumstances of this case, that the judgment of the circuit court should be reversed and the cause remanded, to be further proceeded with in conformity with this opinion. Ellison, J., concurs in the result; Hall, J., dissents as to so much of the opinion as holds that the word "preponderance" in the instruction constitutes reversible error.