| 35 | 321 |
| 45 | 87 |
| 35 | 321 |
| 47 | 202 |
| 35 | 321 |
| 51 | 213 |

J. W. Fletcher, Respondent, v. Milburn Manufac-
turing Company, Appellant.

St. Louis Court of Appeals, April 2, 1889.

1. **Instructions:** EMBRACING ALL THE ISSUES. The objection that
an instruction does not embrace all the issues is of no force when
it expressly refers to an instruction following which supplies the
omissions. No rule requires that all the issues shall be embraced
in a single paragraph. It is sufficient if the instructions, as a
whole, present the issues fairly to the jury.

2. **Contract:** WORK AND LABOR : RECOUPMENT. In an action for
work and labor done by the plaintiff on contract, there is no error
in instructing that, if the work was not done according to the
contract, the plaintiff cannot recover. But the defendant may
waive his right to refuse all payment, and may recoup from the
plaintiff's demand the reasonable value of whatever was necessary
to complete the work according to the contract. There was no
error in refusing to instruct that the defendant might deduct, by
way of set-off, what it actually cost him to have the work com-
pleted in a proper manner.

3. **Instructions:** "BURDEN OF PROOF." While it is usually not
erroneous to give instructions concerning the "burden of proof,"
yet, as those words, and technical expressions of like character,
do not always convey a definite impression to the ordinary mind,
it accords with the prevailing current of authority to hold that
there was no error in refusing an instruction on that subject in
the present case.

*Appeal from the St. Louis City Circuit Court.*—Hon.
Leroy B. Valliant, Judge.

Affirmed.

*H. M. Wilcox* and *G. H. Ten Broek*, for the
appellant.

The trial court gave to the jury, for respondent, an
improper and illegal instruction. The instruction does

not embrace all the issues in the case. It ignores and withdraws from the jury the consideration by them of all evidence that was offered by respondent, and received by the court, tending to prove the allegations contained in respondent's set-off, and also all evidence offered and received, which tended to prove that the work was not done by respondent in a good workmanlike manner; and also all evidence offered and received, which tended to prove that appellant refused to accept the wagons as completed by respondent and notified respondent thereof, and requested him to do the work over, which he refused to do. W here a single instruction is given for the plaintiff it sh ould embrace all issues which there is any evidence tending to support. *Bank v. Metcalf*, 29 Mo. App. 384–395, and cases cited; *Hayner v. Churchill*, 29 Mo. App. 676; *Birtwhistle v. Woodward*, 95 Mo. 113; *Dunn v. Dunnaker*, 87 Mo. 597; *Russell v. Railroad*, 26 Mo. App. 368; *Brownfield v. Ins. Co.*, 26 Mo. App. 399. W here the instruction given for plaintiff does not include all the issues, this defect or error is not cured by giving an instruction for defend- ant which does include or embrace all the issues. *Nasse v. Algermissen*, 25 Mo. App. 186; *State v. Clevenger*, 25 Mo. App. 653; *Bank v. Westlake*, 21 Mo. App. 565. It was certainly incumbent upon respondent to do his work in a good and workmanlike manner, and if he failed to do so, and by reason thereof appellant was put to an expense, he, appellant, is entitled to recover from respondent therefor. The evidence shows conclusively that appellant did a portion of this work over, and was put to an expense in doing the same, and also in refurnishing some of the things that respondent had destroyed; that appellant was obliged to do this work over, because respondent had not properly performed it. We submit that all this evidence was excluded from the consideration of the jury. The verdict being for the full amount that respondent sued for plainly indicates that the jury did not consider all the evidence

in forming their verdict, for if they had considered all the evidence, and if they had found at all for respondent, they certainly could not have found for the full amount. In all events the instruction given for respondent was misleading and to such an extent as to warrant a reversal of this cause. *Homan v. Ins. Co.*, 9 Mo. App. 596 ; *Crahan v. Balmer*, 7 Mo. App. 585 ; *Donahoe v. Railroad*, 83 Mo. 560 ; *Greer v. Parker*, 85 Mo. 107 ; *Dunn v. Dunnaker*, 87 Mo. 597. Appellant offered evidence, which was admitted by the court, that tended to prove the allegations of its set-off. This evidence was not contradicted by respondent. Appellant asked instruction number 3, which the court refused, and afterward entirely failed to instruct the jury as to said evidence offered by respondent in support of its set-off. It was error in the trial court not to instruct the jury as to the evidence introduced upon the set-off. *Harbison v. School Dist.*, 89 Mo. 184 ; *Cunningham v. Snow*, 82 Mo. 587.

*Frank A. C. McManus*, for the respondent.

When the man was discharged he was entitled to his pay for the work done, and the burden was on defendants to show a rightful discharge. *Kramer v. Glass Co.*, 24 Mo. App. 124 ; *Miller v. Boot and Shoe Co.*, 26 Mo. App. 57. When the whole evidence and record shows that the judgment was unquestionably for the right party, an appellate court will not reverse for a technical defect in an instruction. *Brooking v. Shinn*, 25 Mo. App. 277. There was ample evidence offered by plaintiff to support his cause. This court will not review the record to determine where the preponderance of evidence lies. *Gould v. Smith*, 48 Mo. 43 ; *Douglass v. Orr*, 58 Mo. 573 ; *McHugh v. Myer*, 61 Mo. 334 ; *Ins. Co. v. Shultz*, 30 Mo. App. 95 (and citation of authorities there named ). The instructions of the trial judge, when taken together, present both sides of the case fairly to the jury.

THOMPSON, J., delivered the opinion of the court.

This was an action commenced before a justice of the peace for work and labor done. The complaint was as follows :

Plaintiff states for his cause of action that defendants are indebted to him in the sum of thirty dollars, for services rendered for common labor from February 27, 1888, to March 6, 1888, in doing blacksmith work on two vehicles, called mountain wagons, at thirteen dollars per wagon and three dollars extra for brakes, less one dollar for socket. "Plaintiff, therefore, prays judgment for said sum, together with the costs herein."

The defendant filed the following counter-claim :

"J. W. FLETCHER to MILBURN MANUFACTURING CO.,
                                                    *Dr.*

| | | |
|---|---|---|
| "To two full circles, 5th wheel, destroyed by J. W. Fletcher, defendant..... | $3 | 80 |
| "To four 3-8 axle clips, destroyed by J. W. Fletcher, defendant......... | | 16 |
| "To two seat handles, destroyed by Fletcher.......................... | | 30 |
| "To coal wasted by Fletcher........... | | 50 |
| "To use of tools by Fletcher........ ...... | | 50 |
| "To use and loss of foreman's time..... | 2 | 50 |
| "To cash paid Charles Kelly, blacksmith, work on two wagons, S. & E. Spring | 10 | 00 |
| "To finisher's time to complete work.... | 2 | 98 |
| "To loss of time and expense......... | 4 | 00 |

"Total...................... ...........$24  74."

On trial anew in the circuit court, the plaintiff recovered a verdict and judgment for the full amount claimed by him. The defendant appeals, and assigns for error the rulings of the court in giving and refusing instructions.

The defendant was engaged in the manufacture of carriages and the plaintiff was a blacksmith employed in the defendant's shop. The plaintiff's evidence tended to show that the defendant employed him by the piece to iron off two " mountain wagons," so called, at the price of fifteen dollars each ; that the job was a new one to him and to the superintendent; that he performed the job under the direction of the superintendent; that when the job was done it was defective in a given particular ; that the superintendent required the plaintiff to remedy the defect; that the plaintiff did not refuse to do this, but that, before the plaintiff had time to do it, he was discharged by the defendant from its employ and payment was refused him for the job. The defendant's evidence tended to show that the plaintiff was employed by the defendant through its superintendent to iron off the two wagons, not at the price of fifteen dollars each, but at the price of $8.50 each ; that, when the plaintiff had finished the job and turned it over for inspection, it was found defective in several particulars, so that the wagons would have been unsalable in the condition in which the plaintiff left them ; that the plaintiff was required by the superintendent to do the job over again, which he refused to do, whereupon he was discharged. The defendant's evidence also was to the effect that other workmen were employed to do the job over again at a considerable cost to the defendant, the details of which were given by items ; but there was no evidence that the amount thus paid for rectifying the job as the plaintiff had left it was the *reasonable value* of the work.

The court gave the following instruction at the request of the plaintiff, after modifying it by adding the words in italics: " If the jury find and believe from the evidence that J. W. Fletcher, plaintiff, was employed by the Milburn Manufacturing Company, defendant, as a carriage blacksmith, and that in the

course of his employment he was to iron the wood work of two wagons, and that he performed the work, they are then to find for the plaintiff in such sums as the evidence in this cause shows he is entitled to, not exceeding the amount of his claim of thirty dollars, *unless you find for defendant on the following instruction.*"

The court then gave the following instruction at the request of the defendant: "The court instructs the jury that, if they believe from the evidence that plaintiff was working by the piece and agreed to do the work in controversy at a fixed price ; and if they further believe from the evidence that plaintiff performed the work in a poor, unskilful and unworkmanlike manner, and that defendant or defendant's foreman refused to accept the work because of the poor, unskilful and unworkmanlike manner in which said work was done, and that defendant or his said foreman notified plaintiff of said refusal to accept said work, and then and there requested plaintiff to finish his work in a good and workmanlike manner ; and if you further believe from the evidence plaintiff refused to finished the work as requested, and in consequence of which defendant had to do the work over, then plaintiff cannot recover, and your verdict should be for the defendant, although you may believe that defendant's foreman afterward discharged plaintiff from defendant's employ, provided you believe from the evidence that said discharge took place after plaintiff's refusal to do said work over as requested."

The two following instructions were requested by the defendant and refused by the court:

"1.   The burden of proof is on the plaintiff, and before he can recover he must establish his case by a preponderance of evidence."

"3.   If you believe from the evidence that plaintiff did the work in controversy in a poor, unskilled and

unworkmanlike manner; that defendant refused to accept said work on account of it being done in such a poor, unskilful and unworkmanlike manner; that defendant notified plaintiff of its refusal to accept said work and requested plaintiff to finish his work in a proper manner, and that the plaintiff after being so requested refused so to do; and that by reason of said refusal and said work being done in such a poor, unskilful and unworkmanlike manner, defendant was obliged to have the work done over by other parties, then you will find for defendant on his set-off what you may believe from the evidence it cost defendant to have the work finished or completed in a proper and workmanlike manner."

I. The objection to the instruction given on behalf of the plaintiff is that it does not embrace all the issues. It is a sufficient answer to this objection to say that it refers to the following instruction in express terms, so as to require the jury to read both of them together, and that the two taken together do embrace all the issues. But it should be further added, that, while it is a rule that an instruction is vicious which singles out certain facts in evidence, not in themselves controlling, and makes the entire case turn upon those facts; yet, there is no rule which requires the judge, in framing instructions, to embrace all the issues in a single paragraph. On the contrary, it is in general sufficient if the instructions as a whole present the issues fairly to the jury. *Hayner v. Churchill,* 29 Mo. App. 676; *Karle v. Railroad,* 55 Mo. 476, 482; *Whalen v. Railroad,* 60 Mo. 323. In *Karle v. Railroad, supra,* it was expressly ruled that it is proper to give a series of instructions, one on each issue presented by the pleadings and evidence.

II. The instruction given for the plaintiff is defective in not stating to the jury the rule of damages; but this has not been complained of, either in the trial court

or in this court. Aside from this, the two instructions which were given presented fairly all the issues to the jury, except the issue of the defendant's right to recoup the damages which the plaintiff was entitled to recover under its counter-claim, by the amount which it cost the defendant to correct the errors and deficiencies in the job as it was turned over to the defendant by the plaintiff. It has been ruled in regard to building contracts which are not performed by the contractors according to their terms, that, in an action against the contractor, for damages for the breach of such a contract, the measure of damages is the sum which it would reasonably take to make the work conform to the requirements of the contract. *Wright v. Sanderson*, 20 Mo. App. 534, 539. See also *Haysler v. Owen*, 61 Mo. 270. But this rule is peculiar to building contracts, that is contracts to do work upon real estate. ' *Fox v. Car Co.*, 16 Mo. App. 128 ; *Earp v. Tyler*, 73 Mo. 617. It does not extend in any case to contracts to do work upon personal property belonging to the other contracting parties, and the court, therefore, properly instructed the jury, in the instruction given at the request of the defendant, that if the plaintiff did not perform the work according to the contract, he could not recover. But although the plaintiff may have failed to perform the work according to the contract, the defendants might, of course, waive their right to refuse any payment at all, and consent that the plaintiff should be paid what his work was actually worth to the defendants. But on this theory the extent of the defendant's recoupment would be, not what the defendant actually paid to complete the work according to the terms of the contract with the plaintiff, but the *reasonable value* of so completing the work. *Wright v. Sanderson, supra.* As already stated, there was no evidence as to what this reasonable value was. This instruction is not drawn upon the theory of a recoupment to the extent of its

reasonable value, and such an instruction could not have been given in the absence of evidence if it had been tendered. We do not, therefore, see any error in refusing this instruction.

III. As to the action of the court in refusing the instruction as to the burden of proof, it may be said that it is usually not erroneous to give such instructions. *Davis v. Railroad*, 13 Mo. App, 449; *Hill v. Nichols*, 50 Ala. 336. But we are not aware that it has been held error in this state in a civil case, to refuse an instruction as to the burden of proof. It may be doubted whether the jury would derive substantial benefit in the discharge of their duties from an instruction drawn in the technical language of the instruction upon which we are commenting. The words "burden or proof" do not, it is believed, convey a definite impression to the ordinary mind. The same, it is believed, may be said concerning the words "preponderance of evidence." Instructions to juries couched in the technical terms of the law have been justly criticized by our supreme court. That court, speaking of the use of the words "*prima facie*" in an instruction, has said that "it is much better for the courts to instruct juries in plain English and avoid the use of technical terms." *Chappell v. Allen*, 38 Mo. 213, 222. In *Clarke v. Kitchen*, 52 Mo. 316, it was held that the following instruction was properly refused: "There must be a preponderance of evidence in favor of plaintiff; if there is not, the jury will find for the defendant." The court said: "The words 'preponderance of evidence' are with the average jurors susceptible of, and very likely to receive, almost an infinity of construction." In *Berry v. Wilson*, 64 Mo. 164, the use of this expression in the connection in which it was used was held not sufficient ground for the reversing the judg, ment. But in *Carson v. Porter*, 22 Mo. App. 179, 185- the Kansas City court of appeals reversed the judgment

because the court instructed the jury that it devolved upon the plaintiff to make out a certain fact "by a preponderance of the testimony in the case." Altogether, it is quite clear that the court committed no error in refusing this instruction.

The judgment of the circuit court will be affirmed. All the judges concur.