# NEWTON E. JONES, Appellant, v. THOMAS B. DUR-HAM, Respondent.

### St. Louis Court of Appeals, April 15, 1902.

1. **Burden of Proof: INSTRUCTION.** An instruction that the issues can not be found for plaintiff except upon the greater weight of the evidence in his favor is proper in a case triable by a jury.

2. ———: ———: **ADMISSION.** And in the case at bar there is no such admission by the defendant as to shift the burden from the plaintiff as to any item in the account sued on.

3. **Instruction: PREPONDERANCE OF EVIDENCE.** An instruction is not erroneous which fails to define the phrase "preponderance of evidence."

Appeal from Newton Circuit Court.—*Hon. Henry C. Pepper,* Judge.

AFFIRMED.

*James H. Pratt* and *O. L. Cravens* for appellant.

(1) This judgment was the result of the giving of the following instruction for defendant, being the only instruction asked or given on behalf of defendant, viz.: "The court instructs the jury, as a matter of law, that the burden of proof is on the plaintiff, and it is for him to prove his case by a preponderance of the evidence; if you find that the evidence bearing upon plaintiff's case evenly balances, or that it preponderates in favor of defendant, then plaintiff can not recover." The propriety of this instruction under the circumstances, and in the connection in which it appears, is the sole question for determination. Aylword v. Briggs, 145 Mo. 604; Scott v. Allenbough, 50 Mo. App. 130; Carson v. Porter,

Jones v. Durham.

22 Mo. App. 179; Clark v. Kitchen, 52 Mo. 316; Morton v. Heidorn, 135 Mo. 608. (2) The instruction is also erroneous in not defining the term "preponderance of the evidence." In this particular case it was hurtful to plaintiff and misleading to the jury. (3) Plea of payment is an affirmative defense, which must be pleaded to admit evidence thereof, and, as a necessary consequence, the burden of proof of such defense is on the defendant. Henderson v. Davis, 74 Mo. App. 1; White v. Quinon, 30 Mo. App. 54; Hyde v. Hazel, 43 Mo. App. 668; Nichols v. Winfrey, 79 Mo. 544; Griffith v. Creighton, 61 Mo. App. 1.

*White & Clay* for respondent.

(1) The defendant's plea was a general denial, and was not in the nature of a plea of payment; hence, it did not stand admitted, as counsel for plaintiff contends. That defendant borrowed the money from plaintiff, defendant denied, and under the general issue it stood denied in law. The plaintiff affirmed that defendant had received the money on said check. The burden of proof rested on plaintiff to show by a preponderance of the testimony that the defendant did get the $50. (2) The burden of proving this issue by a preponderance of evidence was imposed on the plaintiff under the pleading, the law and the evidence. Crawford v. Doppler, 120 Mo. 362; Davis v. Railroad, 13 Mo. App. 449; Marshall Livery Co. v. McKelvey, 55 Mo. App. 240. (3) The instruction is not erroneous in not defining the term "preponderance of the evidence." There is nothing in this case to warrant the conclusion that the plaintiff was in any way prejudiced by the use of the expression, "preponderance of evidence." "That phrase has a popular and colloquial significance which the average juryman may fairly be supposed to grasp. Its use in an instruction is not of itself error." Stewart v. Outhwaite, 141 Mo. 562; Milligan v. Railroad, 79 Mo. App. 393.

GOODE, J.—Plaintiff sued the defendant before a justice of the peace on the following account:

"Neosho, Missouri, May 27, 1901.
"Thomas B. Durham to Newton E. Jones, Dr.

| | |
|---|---:|
| To use of hay rake, two years, 1897 and 1898, at $1.50 | $ 3.00 |
| To money loaned, check given November 3, 1898 | 50.00 |
| To interest on same to May 27, 1901 | 7.70 |
| To use of fanning mill, 1899 | 5.30 |
| To balance of wheat, 1899 | 1.90 |
| To use of wagon six months, 1899 | 3.00 |
| To two balls of twine, five pounds each, 1899 | 1.20 |
| To use of horse, 1899 | 1.00 |
| To one lock, 1901 | 50 |
| Total | $73.60" |

The testimony of the plaintiff tended to prove he lent the defendant fifty dollars on the third day of November, 1898, giving him a check therefor on the Neosho Savings Bank payable to the order of T. B. Durham or bearer, and that on different dates he loaned the farming implements mentioned in the account to the defendant intending to charge for the use of them. As to the lock, that was mislaid by the defendant and plaintiff says was never found.

The evidence for the defendant was that while he had borrowed a little money, on two or three occasions, from the plaintiff, he had no recollection of getting the fifty dollars sued for, and that he had fully repaid plaintiff all he ever borrowed—every cent. He testified the farming tools were lent gratuitously as country neighbors are accustomed to do, and that he merely mislaid the lock one day while he was getting some corn he had bought, out of plaintiff's crib, and did not know whether it was afterwards found or not.

This is plainly a spite suit and the evidence fully warranted the verdict the jury returned in favor of the defendant.

The only error assigned is in regard to an instruction given by the circuit court on the burden of proof, which was as follows:

"The court instructs the jury, as a matter of law, that the burden of proof is on the plaintiff, and it is for him to prove his case by a preponderance of the evidence; if you find that the evidence bearing upon plaintiff's case evenly balances, or that it preponderates in favor of defendant, then plaintiff can not recover."

The instruction is attacked on three grounds, which we will notice in their order.

The first is that it told the jury without limitation that the burden of proof was on the plaintiff, whereas, as to the fifty-dollar item, the defense made was in the nature of a plea of payment; and as that plea admitted in effect that the defendant borrowed the money, the burden was on him to show he paid it back.

The case having originated before a justice, no answer was filed or required, and no issues joined; so whatever formal defense was preferred to said item was by the testimony of the defendant. But the defendant did not admit borrowing the money; on the contrary, the purport of his testimony was that he did not get it. He admitted borrowing fifty dollars from the plaintiff on one occasion and giving his note for the debt, but said he afterwards paid the debt and took up his note. Jones claimed this was not the loan sued for and the defendant swore he had no recollection of borrowing fifty dollars at any other time. How can that testimony be construed into an admission that he borrowed the money claimed? It is no such admission, and the burden was on the plaintiff as to that item as well as the others. Crawford v. Doppler, 120 Mo. 362.

Second. The contention is made that the instruction was

erroneous in not defining the phrase "preponderance of the evidence." No case has been pointed out in which the judgment was reversed because that phrase was employed without definition; in fact, it has a popular meaning as well as a technical meaning, and may be used without error. Morton v. Heidorn, 135 Mo. 608. It will be found that the opinions in which instructions containing it were condemned do not direct their censure against the phrase itself, but against its employment in such a connection as to misstate the law.

In the case cited, an instruction including those words was held erroneous because it told the jury there was a legal presumption that the will in controversy was the testator's free and voluntary act, which was not true; because the case stood for decision on conflicting evidence unaided by a presumption, as issues of fact do when evidence to maintain the respective sides has been introduced. Haycraft v. Griggsby, 88 Mo. App. (St. L.) 354. The instruction in respect to the presumption was the fault the court really condemned and not the words "preponderance of the evidence," in the instruction.

In Clarke v. Kitchen, 52 Mo. 316, the instruction was that there must be a preponderance of evidence in favor of the plaintiff or the jury would find for the defendant, which was ruled to be wrong because it might have cut the plaintiff off from any recovery, though the defendant admitted he was entitled to recover something.

In Carson v. Porter, 22 Mo. App. (K. C.) 179, the court objected to the instruction because it required the plaintiff to produce a preponderance of the evidence to show he was an innocent indorsee of a promissory note, when the law only required a rebuttal of the prima facie case in favor of the defendant arising from proof adduced that the note was procured by fraudulent representations on the part of the payee.

None of the foregoing cases held or suggested that it is reversible error in every case to use the words in question in instructing the jury, while the contrary has been ruled several

times. A jury will always gather the true import of the expression unless it is used in a misleading context, and that it was so used must plainly appear to authorize a reversal. Milligan v. Railroad, 79 Mo. App. (K. C.) 393; Milling Co. v. Walsh, 37 Mo. App. (St. L.) 567; Berry v. Wilson, C4 Mo. 164. The case last cited notices the *obiter* remarks about the expression in Clarke v. Kitchen, supra, and says:

"Yet it was not thought in that case, nor has it ever been held by this court, that the use of that word [preponderance] in an instruction in the connection in which it now appears, would warrant a reversal of the judgment."

The instruction referred to was much like the one we are considering. In Anchor Milling Co. v. Walsh, supra, and in Steinkamper v. McManus, 26 Mo. App. (St. L.) 51, this court held the use of the phrase without explanation does not justify a reversal, and we think those rulings were intelligent and just.

Finally, it is objected by the appellant that the instruction in hand was erroneous because it told the jury if the evidence bearing on plaintiffs case evenly balanced or preponderated in favor of the defendant, the plaintiff could not recover. The latter part of the instruction comes close to defining it and thereby obviating appellant's second contention; it at least removes all uncertainty as to the significance of the expression "preponderance of the evidence."

The appeal is without merit and we affirm the judgment. *Bland, P. J.,* and *Barclay, J.,* concur.