JOHN A. CRAMER, Appellant, v. RICHARD H. NEL-
SON, Respondent.

**Kansas City Court of Appeals, January 27, 1908.**

1. **CONTRACT: Instructions: Admitted Facts.** Parties may sub-
sequently change the terms of a written contract by parol;
and where facts are admitted it is proper for the court to re-
move them from the field of controversy by its instructions.

2. **TRIAL PRACTICE: Instructions: Burden of Proof: Pre-
ponderance of Evidence.** It is not necessary to define the
words "burden of proof" and "preponderance of evidence"
when used as instructions unless so connected as to be mislead-
ing.

3. **EVIDENCE: Rent Corn: Price on Market: Hearsay.** Certain
evidence of the landlord as to the difference in the price of his
rent corn and that of his tenant was properly refused since
it was partly at least based on hearsay.

Appeal from Buchanan Circuit Court.—*Hon. Henry M.
Ramey,* Judge.

AFFIRMED.

*John F. Imel* and *G. L. Zwick* for appellant.

(1) Instruction A given by the court of its own
motion by using the language "that the defendant did
not set over to plaintiff one-half of the corn" intimates
that there was an agreement to divide by rows and leads
the jury to the conclusion that the rights of the par-
ties are not to be governed by the written contract.
Pugh v. Ayers, 47 Mo. App. 590.    (2) In instruction
A given by the court of its own motion it is stated that
appellant admitted that he agreed to accept his portion
of the rent corn piled on the ground.  . This evidence
did not warrant an instruction so strong.    The question
of appellant's consent to a change in the method of
division should have been left to the jury to determine.
Okey v. Insurance Co., 29 Mo. App. 111.    (3)  In-
struction  number 3 given at the instance of respondent

should have been refused by the court. Clark v. Kitchen, 52 Mo. 316; Milling Co. v. Walsh, 37 Mo. App 567; Mackin v. Railroad, 45 Mo. App. 87; State v. Heinze, 45 Mo. App. 403; Fletcher v. Manufacturing Co., 35 Mo. App. 329; Carson v. Porter, 22 Mo. App. 179-185. (4) On page 26 of the abstract of record it appears that appellant was not allowed by the court to testify in reference to marketing his corn. 2 Sutherland on Damages, 375; Stevens v. Springer, 23 Mo. App. 375; Miller v. Bryden, 33 Mo. App. 602.

*Mytton, Parkinson & Crow,* for respondent, filed no briefs.

JOHNSON, J.—Action by a landlord against his tenant to recover rent alleged to be due and unpaid. A writ of attachment was sued out in aid of the action and levied on property of defendant. A plea in abatement and answer were filed which put at issue the ground of attachment and the merits of the case. By agreement of parties, the issues tendered by the plea and answer were tried together before a jury. Verdict and judgment were in favor of defendant and plaintiff appealed.

On March 1, 1903, defendant entered into possession of a farm owned by plaintiff situated in the Missouri river bottom in Buchanan county, under the terms of a written lease which provided that defendant should occupy the land for a term of one year "with the privilege of re-leasing said farm at the same rent as stated in this lease." The farm contained about five hundred acres. A large part of it was in pasture, some of it had been formed by accretion from the river and was of little practical value. The lease required defendant to farm the remainder, approximately two hundred acres, and to pay as rent for the whole farm "one half of all grain in the crib, corn in the crib, all small grain in the measure or the bin." Further, it was stipulated

"there shall not be more than thirty acres in oats, but there shall be thirty acres oats and the balance in corn whatever there shall remain." Defendant raised crops that year, in due season delivered to plaintiff his proportion thereof, and the parties agreed that the tenancy should continue for another year under the terms and conditions of the lease with the following exception: It was agreed that corn should be the principal crop grown, that there should be no division of any other crop and that if defendant raised other crops, plaintiff should receive corn from an acreage equal to that employed in raising such other crops. According to the testimony of defendant, he raised corn that year on about 160 acres, oats on 20 acres, potatoes on one acre and used one acre for garden. He states, and is supported in the statement by other evidence, that the corn crop produced about 2200 bushels and that he delivered to plaintiff his part thereof. The evidence introduced by plaintiff is to the effect that corn was grown on 215 acres, that 3,800 bushels were produced and that only 431 bushels were delivered to him as rent for that year. He claims in his petition and in his testimony that defendant is indebted to him "to the amount of 1,500 bushels of corn of the reasonable value of $750." These issues of fact which were sharply contested were settled by the jury in favor of the contention of defendant and it is not claimed by plaintiff that the verdict was not supported by substantial evidence. The errors assigned relate to the rejection by the trial court of evidence offered by plaintiff and to the instructions given to the jury.

The court refused all of the instructions asked by plaintiff and of its own motion gave instructions in his behalf. The first of these was as follows: "It is admitted in this case that defendant occupied the farm mentioned in evidence, and that defendant was to pay as rental for said farm one-half of all the corn raised

on said place and all the corn raised on an equal amount of land selected in lieu of the oat land, and if you believe from the evidence that the defendant did not set over to plaintiff one-half of the corn grown on said farm by defendant, and all the corn grown on the land in lieu of the oat land, and that there is now due plaintiff any corn on account of said rent, and that plaintiff before bringing this suit demanded the same, you will find for the plaintiff on the merits of this case and assess his damages at whatever amount you may find is the market value of said corn, not to exceed fifty cents per bushel, and not to exceed in all seven hundred and fifty dollars; and *you are further instructed in this connection that plaintiff admits that he agreed to accept said corn piled on the ground as described in evidence, and if defendant piled one-half of all the corn raised on the place, and all the corn from the land in lieu of the oat land, in said pile then that was a sufficient delivery to plaintiff."*

The objection urged against the part of the instruction we have italicized is that the court was not warranted by the evidence in saying, as a matter of law, that the method of dividing the corn provided in the written lease had been subsequently changed by the oral agreement of the parties.    It will be noticed that in the lease the parties agreed the corn should be divided "in the crib."    For reasons not important, the cribs on the place were not available for this purpose and the parties orally agreed that the corn should be placed on the ground in two piles, one (that to the east) to belong to the landlord, the other to the tenant.    Further, defendant testified that as a part of the oral understanding it was agreed that the corn gathered from the first sixteen rows should be used to begin the landlord's pile, that from the next sixteen rows the pile of the tenant and, thereafter, that each pile should receive the product of each alternate section of sixteen rows until the whole crop had been gathered.    Plaintiff de-

nies this, but does admit that a division and delivery were to be made in the manner first stated, i. e., by making separate piles of corn on the ground. He testified in part as follows:

"Q. One-half of the corn was to be gathered and turned over to you? A. Yes, sir. Q. Turned over in the crib? A. He was to crib it on the farm. Q. Where were the cribs? A. If he did not have cribs, he could pile it on the ground; he used my cribs. Q. Where were the cribs? A. The cribs he used for himself. Q. You accepted the corn piled on the ground? A. I did not accept the amount. Q. Did you agree the corn could be piled on the ground? A. As long as he used the cribs I told him he could pile it on the ground. Q. You agreed that your half could be piled on the ground? A. I told him to pile it on the ground because I had no cribs. . . . Q. You say there was no contract about dividing it in rows? A. No, sir. . . . . Q. Didn't you say it was agreed afterwards as the cribs were being used or something that the piles should be put on the ground? A. He was using the cribs. Q. And you agreed they should be piled on the ground? A. I had no other place to put it."

It goes without saying that the parties, by subsequent oral agreement could change the terms of the written contract with respect to the mode of setting apart and delivering the rental corn, and the fact being admitted by both parties that the measurement of the respective shares was to be made by placing the corn on the ground in separate piles and that delivery of the rental corn was to be made in the pile and not in the crib, the subject of these admissions was removed from the field of controversy, and it was proper for the court to assume the existence of the admitted facts as it did in the instruction under consideration. The objection must be ruled against the contention of plaintiff. There is no merit in the criticism that in the use of the expression

"did not set over to plaintiff one-half of the corn grown," etc., the court declared as a matter of law that the division was to be made in the field in the manner stated by defendant. The instruction as a whole told the jury in unmistakable language that plaintiff was entitled to recover if the pile set over to him did not contain "one-half of all the corn raised on the place and all the corn from the land in lieu of the oat land," and treated as wholly immaterial the method employed by defendant to preserve the agreed ratio between the two piles. If there is any error in the instruction, it was committed against defendant, since he was deprived of the right to have the jury consider his testimony to the effect that the agreement contemplated that the actual division should be made in the field in the manner stated by him.

The third instruction given at the instance of defendant is made the subject of attack. It is as follows: "The court instructs the jury as a matter of law that the burden of proof is on the plaintiff and it is for him to prove his case by a preponderance of the evidence, and if you find that the evidence bearing upon the plaintiff's case evenly balances or that it preponderates in favor of defendant, then the plaintiff cannot recover." In Clarke v. Kitchen, 52 Mo. 316, point was made of the refusal of the trial court to give a similar instruction. The Supreme Court held that the instruction was properly refused. It was said "The words 'preponderance of evidence' are, with the average jurors susceptible of and very likely to receive almost an infinity of construction," and therefore, were likely to "confuse and mislead the minds of the jury." Afterward, in the case of Berry v. Wilson, 64 Mo. 164, the Supreme Court, in disposing of the objection to an instruction given by the trial court which told the jury that "the burden of proof is upon the plaintiff, and unless he satisfies the jury by a preponderance of testimony that he is the

owner of the steer in controversy, you will find the issue for the defendant," observed: "The strictures made by counsel upon the use of the word 'preponderance' in the second, are perhaps justified by the remarks made in the case of Clarke v. Kitchen, 52 Mo. 316. Yet it was not thought in that case, nor has it ever been held by this court, that the use of that word in an instruction, in the connection in which it now appears, would warrant a reversal of the judgment." Since then, the question has been before the Supreme Court in Morton v. Heidorn, 135 Mo. 608, and in Stewart v. Outhwaite, 141 Mo. 562, and before the Courts of Appeals in Carson v. Porter, 22 Mo. App. 179; Anchor Milling Co. v. Walsh, 37 Mo. App. 567; Mackin v. Railroad, 45 Mo. App. 87; State v. Heinze, 45 Mo. App. 403; Fletcher v. Manufacturing Co., 35 Mo. App. 321; Jones v. Durham, 94 Mo. App. 51. In Stewart v. Outhwaite, supra, it was said "that phrase (preponderance of evidence) . . . has a popular and colloquial significance which the average juryman may fairly be supposed to grasp. Its use in an instruction is not, of itself, error." And in Jones v. Durham, supra, Judge GOODE, after reviewing the authorities expressed the opinion that "none of the foregoing cases held or suggested that it is reversible error in every case to use the words in question in instructing the jury, while the contrary has been ruled several times. A jury will always gather the true import of the expression unless used in a misleading context, and that it was so used must plainly appear to authorize a reversal." From all of the authorities, it would appear to be the settled rule that the trial judge with propriety may refuse to give an instruction containing the unexplained expressions "burden of proof" or "preponderance of evidence" and with equal propriety may give such instruction in cases where it does not clearly appear that it might tend to confuse or mislead the jury. It is the opinion of the writer that

these terms have a well defined meaning of universal acceptation and that it is difficult to imagine a case wherein their employment might tend to mislead. But we have no purpose to modify the rule well settled by the authorities in this State and, applying it to the case in hand, no error is perceived in the giving of the instruction.

Objection is made to another instruction given by the court, but it is so clearly without merit that it will not be considered.

Point is made that the court erred in refusing to permit plaintiff to testify that corn sold by him from his pile to grain dealers in St. Joseph brought a lower price than that received by defendant for corn previously sold by him to the same dealers. The object of the offer was to show that the quality of the corn put in plaintiff's pile was poorer than that reserved by defendant for himself. The testimony was not competent because, necessarily, it was based in part on hearsay knowledge, since it is not claimed that plaintiff knew the prices defendant received for his corn, except from what the grain dealers told him. An inspection of the whole record convinces us that the case was fairly tried and submitted and that the judgment should be affirmed. It is so ordered. All concur.