JAMES A. McMILLEN, JR., Respondent, v.
SAMUEL O. ELDER, Appellant.

St. Louis Court of Appeals, November 7, 1911.

1. **APPELLATE PRACTICE: Review: Admission of Evidence:
   Necessity of Objection.** Where no objection is made to the
   admission of evidence, its admissibility will not be considered,
   on appeal.

2. **MALICE: Definition.** The legal meaning of the term "malice"
   is the intentional doing of a wrongful act without just cause or
   excuse.

3. **ASSAULT AND BATTERY: Damages: Punitive Damages:
   Malice.** In order for an assault and battery to be held to have
   been malicious, so as to allow the assessment of punitive dam-
   ages, it is sufficient that it was intentional and without just
   cause or excuse.

4. ————: ————: ————: ————: **Sufficiency of Evidence.**
   In an action for assault and battery, evidence *held* sufficient to
   convict defendant of intentionally assaulting and beating plain-
   tiff, without just cause or excuse, so as to justify an award of
   punitive damages.

5. **DAMAGES: Punitive Damages: Wealth of Defendant: Evidence.** In a case where punitive damages may be assessed, evidence of the defendant's financial condition is admissible.

6. **ASSAULT AND BATTERY: Damages: Punitive Damages: Malice: Instructions.** In an action for assault and battery, where the court, at defendant's instance, required the jury to find malice as a condition of allowing punitive damages, and, at plaintiff's instance, correctly defined malice, an instruction, given on behalf of plaintiff, authorizing the jury to award punitive damages, by way of punishing defendant for the doing willfully of an unlawful and wrongful act, was not erroneous as authorizing punitive damages without requiring a finding of malice.

7. **INSTRUCTIONS: Construed as a Whole.** All the instructions given in a case should be construed together, and although an instruction, standing alone, is not sufficient, it will be deemed sufficient if its missing requirements are supplied by other instructions given.

8. ————**: Refusal: Covered by Other Instructions.** It is not error to refuse an instruction which is covered by other instructions given.

9. ————**: ————: "Burden of Proof:" Failure to Define Term.** It is not error to refuse an instruction on the burden of proof, when that phrase is not defined in that or any other instruction given or offered.

10. **DAMAGES: Assault and Battery: $500 Actual and Punitive Damages not Excessive.** In an action for assault and battery, *held*, that a verdict for $200 actual and $300 punitive damages was not excessive.

Appeal from Pike Circuit Court.—*Hon. David H. Eby,*
Judge.

AFFIRMED.

*Robert A. May* and *J. D. Hostetter* for appellant.

(1) There is no evidence connecting this testimony with the alleged condition of defendant as brought about by the assault and battery, if any. The evidence relating to defendant's wealth should not have been admitted for the reason that there were no aggravating circumstances shown to authorize a re-

covery of punitive damages. Hence, evidence of the opulence or poverty of defendant was not properly admitted in evidence. Morgan v. Durfee, 69 Mo. 481; Whalen v. Church, 62 Mo. 329. (2) The second instruction given by the court on behalf of the plaintiff was error for the reason that it authorized the jury, in addition to actual damages, to assess against the defendant punitive damages without first having found malice on the part of the defendant. In other words, it authorized the recovery of both actual and punitive damages in case they found for plaintiff, and made no requirement for malice to be found by them before a recovery could be had for punitive damages. Nicholson v. Rogers, 129 Mo. 141; State v. Jurgling, 116 Mo. 162. (3) Defendant's instruction No. 6, refused by the court, should have been given and the question of punitive damages excluded from the consideration of the jury, because there was no evidence warranting such submission by reason of the failure of the plaintiff to show aggravated circumstances on the part of defendant or that defendant's acts were maliciously done. Morgan v. Durfee, 69 Mo. 469; Ickenroth v. Transit Co., 102 Mo. App. 614. (4) Defendant's instructions Nos. 8 and 9, submitting the question of self defense to the jury should have been given. Thomas v. Werremeyer, 34 Mo. App. 669; O'Leary v. Rowan, 31 Mo. 117; State v. Walker, 196 Mo. 73.

*Pearson & Pearson* for respondent.

(1) In any case where the evidence tends to prove malice, it is entirely proper to receive evidence as to the financial standing and ability of defendant. Baxter v. Magill, 127 Mo. App. 392; Buckley v. Knapp et al., 48 Mo. 152; Bailey v. Houston, 53 Mo. 361. (2) All of the instructions, appellant's as well as respondent's, must be read and considered in connection with respondent's instructions Nos. 2 and 4, before they

can be declared erroneous. When so considered, they are not subject to the criticism, that they authorize the assessment of punitive damages without first having found malice to have existed on part of appellant. Orcutt v. Bldg. Co., 214 Mo. 35; Pounds v. Coburn, 210 Mo. 115; Land & Lumber Co. v. Markham & Duckett, 96 Mo. App. 51. (3) In matters of tort, where the evidence shows circumstances of oppression or malice, it is certain that exemplary damages are property awarded under the law of this state. Baxter v. Magill, 127 Mo. App. 392; Buckley v. Knapp, 48 Mo. 152; Bailey v. Houston, 58 Mo. 361; Goetz v. Ambs, 27 Mo. 28; Howard v. Lillard, 17 Mo. App. 228.

STATEMENT.—This suit was brought to recover damages for an assault and battery, which, according to the allegations of the petition, was willful, malicious and unlawful. The prayer is for one thousand dollars actual and one thousand dollars punitive damages. The answer, in addition to a general denial, contained a plea of self-defense. The cause was tried and submitted to a jury under the instructions of the court, and the plaintiff had verdict and judgment for two hundred dollars actual and three hundred dollars punitive damages. The defendant has appealed and assigns error in the admission of testimony and in the giving and refusal of instructions.

The evidence discloses that the plaintiff, a farmer, had sued the defendant's son before a justice of the peace to recover the possession of a hog. That suit was tried in Louisiana, Missouri, on August 23, 1909, and the trial was concluded about half past twelve o'clock in the afternoon. Plaintiff's brother-in-law, J. W. Brimer, was a witness for him before the justice and defendant was a witness for his son. After the trial and about two o'clock in the afternoon, Brimer and Tom McMillen, an elder brother of the plaintiff, were sitting in the shade of a livery stable

talking and joking, when defendant came there for his horse. He and Brimer then renewed a dispute which had begun in the morning concerning the correctness of Brimer's testimony before the justice. In the meantime, plaintiff and a neighbor had been taking a stroll, with no special objective point, when they saw defendant and Brimer "fussing" over at the stable, the defendant shaking his clenched first at Brimer. Plaintiff and his companion then walked on to the stable. When they arrived at the stable, defendant had been repeatedly calling Brimer a liar and Brimer kept saying merely, "hold on Sam." As plaintiff came up and stopped, defendant said to Brimer "You swore to a damn lie," and he looked at the plaintiff and called him a liar. Plaintiff then, without making any hostile demonstration, said in a good natured way, addressing defendant, "Sam you know you did say you would fix that fence," and defendant jumped around and struck him twice in the head. Plaintiff and defendant then clinched, with defendant having the most advantageous hold, and pounding plaintiff in the side. They were soon separated by a police officer. There was testimony on behalf of plaintiff that as a result of the affray his head was sore for a long time and his side continued sore up to the time of the trial and that he had been unable to do any work, his business being that of a farmer, for at least four months. Two physicians testified that he had suffered a severe strain of the muscles of the back and had been treated by them two or three times a week for two months or more. The testimony on behalf of the defendant tended to prove that the dispute with the defendant was precipitated by Brimer and that the affray was caused by a pugnacious attitude suddenly assumed by the plaintiff and that defendant was justified in striking and injuring the plaintiff for his own self protection. There was also evidence introduced by defendant tending to show that plaintiff was not so seriously

injured as the testimony given on his behalf would indicate. While defendant was being cross-examined by the plaintiff's counsel as a witness, the court, over the objection and exception of the defendant, permitted him to be interrogated as to the value of his real and personal property, thereby developing that he was worth somewhere near twenty-five thousand dollars.

The first instruction given to the jury at plaintiff's instance was as follows:

"The court instructs the jury that if you find from the evidence that the defendant did intentionally beat or strike the plaintiff, then your verdict should be for the plaintiff, unless you further find from the evidence that plaintiff first made an attack on the defendant, and that the defendant resisted such attack, if any, by using no more force to repel such attack, if any, than was necessary."

The second instruction after treating of the assessment of actual damages, proceeded as follows:

"In addition to this the jury may assess against the defendant, by way of punitive damages or smart money, such an amount not to exceed one thousand dollars, as they may believe from the evidence in this case ought to be paid by the defendant. Such damages are allowed and authorized under the law, not by way of compensation, but by way of punishment of the defendant for the doing willfully of an unlawful and wrongful act."

On behalf of the defendant the court in two instructions treated carefully and fully of every possible phase of defendant's right to defend himself, and refused to give two additional instructions on that subject. The court also instructed the jury at the instance of defendant "that before plaintiff is entitled to recover punitive damages, he must show that the act complained of was malicious on the part of the defendant." At the instance of the plaintiff the court in-

structed the jury "that malice does not consist alone in personal spite or ill-will, but exists in law wherever a wrongful act is intentionally done without just cause or excuse." It refused an instruction that under the pleadings and the evidence the jury could not find any punitive damages. It also refused to give an instruction offered by defendant "that the burden of proof in this case is upon plaintiff to show that the defendant first actually assaulted plaintiff and did inflict upon him some injury, otherwise the verdict should be for the defendant."

CAULFIELD, J. (after stating the facts).—I. Defendant first contends that the court erred in admitting the testimony of the two physicians as to the physical condition and treatment of the plaintiff. This contention cannot be considered by us for the reason, if for no other, that, so far as the abstract discloses, this evidence was offered and admitted in evidence without objection.

II. Defendant next contends that the court erred in refusing to give the instruction offered by him excluding from the consideration of the jury the question of punitive damages. In support of this instruction he asserts that the plaintiff failed "to show aggravated circumstances on the part of defendant or that defendant's acts were maliciously done." For the same reason he argues that the court erred in admitting evidence of defendant's financial condition. In making these and other contentions counsel for defendant incorrectly assume that in order to warrant the jury in assessing punitive damages against the defendant he must have been prompted by ill-will towards the plaintiff. "It is said generally that malice must exist to entitle the plaintiff to anything more than reparation for the injury; but it will be found that the word malice is always used, in such connections, not in its

common acceptation of ill-will against a person, but in its legal sense, 'Willfulness—a wrongful act, done intentionally, without just cause.' [United States v. Taylor, 2 Sum. 586.] The term malice imports, according to its legal signification, nothing more than that the act is willful or intentional; and when used to qualify the character of a trespass, it is only employed to distinguish it from that class of injuries which one person may inflict upon another without the intention to do harm, but for which he is responsible because the act is not unavoidable." [Goetz v. Ambs, 27 Mo. 28, 33. See, also, McNamara v. St. Louis Transit Co., 182 Mo. 676, 81 S. W. 880.] In order for an assault and battery to be held to have been malicious so as to allow the assessment of punitive damages, it is sufficient that it was intentional and without just cause or excuse. "The legal meaning of the term (malice) is the intentional doing of a wrongful act without just cause or excuse." [McNamara v. St. Louis Transit Co., 182 Mo. l. c. 681, 81 S. W. 880; Beck v. Railroad, 129 Mo. App. 7, 22, 108 S. W. 132.] In the case at bar the evidence of the plaintiff, which, we must assume, the jury accepted as true, was sufficient to convict defendant of intentionally doing a wrongful act, viz., assaulting and beating the plaintiff, without just cause or excuse. It would then, in the light of the foregoing, have been error for the court to have given the instruction offered by the defendant forbidding the allowance of punitive damages. This conclusion also disposes of the alleged error in admitting evidence of the defendant's financial condition; for such evidence is admissible in a case where punitive damages may be assessed. [Baxter v. Magill, 127 Mo. App. 392, 398, 105 S. W. 679.]

III. Defendant next contends that the second instruction given by the court on behalf of the plaintiff was error for the reason that it authorized the jury

to assess punitive damages without requiring them to find malice. It is sufficient to say as to this that in an instruction given at defendant's instance the court did require malice to be found as a condition to allowing punitive damages and in an instruction given at plaintiff's instance correctly defined the meaning of the term, "malice." Likewise there was no error in refusing defendant's additional instructions on the subject of the defendant's right of self-defense, for the reason that that subject had been fully and correctly covered in instructions already given at the instance of the defendant.

IV. Nor was it error to refuse the instruction offered by the defendant which told the jury that the "burden of proof" was upon the plaintiff, that phrase not being defined in that or any other instruction given or offered. [Prince v. St. Louis Cotton Comp. Co., 112 Mo. App. 49, 66, 86 S. W. 873; Cramer v. Nelson, 128 Mo. App. 393, 399, 107 S. W. 450.]

V. Lastly, we do not agree with the defendant that under the proof the amount of the verdict is excessive.

The judgment is affirmed. *Reynolds, P. J.,* and *Nortoni, J.,* concur.